RICHMOND *v.* SECOND AVE. R. CO.

*(Supreme Court, General Term, First Department. June 29, 1892.)*

BILL OF PARTICULARS—NEGLIGENCE OF EMPLOYES—INJURY TO PASSENGER.

A complaint alleged that, while plaintiff was riding as a passenger on defendant's street car, he was thrown under the wheels of the car by the gross carelessness, recklessness, and negligence of defendant's employes in charge of the car. *Held,* that defendant's motion for a bill of particulars showing the acts of negligence, and how they caused the accident, was properly denied.

Appeal from special term, New York county.

Action by Isidor Richmond, by Bessie Richmond, his guardian *ad litem,* for damages for personal injuries resulting from negligence. From an order denying defendant's motion for bill of particulars it appeals. Affirmed.

The material parts of the complaint were: "(3) That the defendant herein is a corporation organized and existing under and by virtue of the laws of the state of New York, and was at all the times hereinafter mentioned, and it still is, engaged as a common carrier of passengers, in the business of operating and conducting a horse car railroad on First avenue and Second avenue and other streets and byways of the city of New York. (4) That on or about the 28th day of March, 1892, the plaintiff, while riding on one of the cars belonging to the said defendant, over the tracks belonging to the said defendant, and upon which the said defendant operated its horse car railroad, having paid the regular fare for his passage upon said car, known as car 'Number 364,' was, at the corner of Eighty-Second street and First avenue, thrown and precipitated therefrom, because, owing to, and as the result of the gross carelessness, recklessness, and negligence of the persons in charge and control of said car. (5) Upon information and belief, that the said persons in charge and control of the said car were at the time of the occurrence aforesaid, and still are, employed by the said defendant to manage, operate, and conduct its cars, and that the said car, managed, operated, and conducted

by them at the time of the aforesaid occurrence, known as car 'Number 364,' was at that time, and still is, the property of the defendant. (6) That, as the result of the said carelessness, recklessness, and negligence of the said employes of the said defendant, the plaintiff. was thrown and precipitated from the said car, and was hurled beneath one of its front wheels, which passed over his right leg, and so greatly crushed, mangled, and lacerated it that, by reason thereof, it became necessary to amputate, on the same day, the said leg just below the knee joint."

The moving affidavit alleged: "That defendant intends in good faith to defend this action. That neither the defendant, nor its officers nor agents, know of any negligence such as is alleged in the fourth and sixth paragraphs of the complaint, and that the defendant cannot properly answer or prepare for trial herein unless it knows what acts, or omissions to act, the plaintiff claims, or proposes to claim, on the trial of this action, constituted the alleged negligence of the defendant's employes, and also how it is claimed that such acts, or omissions to act, caused the plaintiff to be thrown and precipitated from one of defendant's cars. That this deponent has made diligent inquiry as to any act of negligence on the part of the defendant or its employes, and has been unable to procure any clue by which he is able to even guess at the acts, or omissions to act, such as it will be necessary for the plaintiff to prove on the trial of this action in support of the very general allegations in his complaint, wherein he merely states that, by reason of the gross negligence of employes of the defendant, 'the plaintiff was thrown and precipitated from the said car and was hurled beneath one of its front wheels, which passed over his right leg, and so greatly crushed, mangled, and lacerated it that, by reason thereof, it became necessary to amputate, on the same day, the said leg just below the knee joint.' That in the complaint there is no fact alleged which shows any negligence on the part of the defendant or its employes, unless it is held by this honorable court that the allegation that the defendant was guilty of negligence, whereby the plaintiff was thrown down, is an allegation of fact, and not the allegation of a conclusion of law from facts not stated."

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

Wolf & Hodge, (Robert Sewell and J. Aspinwall Hodge, Jr., of counsel,) for appellant. Guggenheimer & Untermyer, (Maurice Untermyer, of counsel,) for respondent.

PER CURIAM. We see no reason for interfering with the order of the court below. Order affirmed, with $10 costs and disbursements.