pers, said that they were not there; but he produced no affidavits upon the hearing of the motion that he had not the custody of the books and papers, or that there was any other reason why he could not comply with the request or with the order, if made. In the absence of such showing, it was fairly to be presumed that the books and papers were where they should be, in his custody or under his control. We think the creditor was entitled of right to inspect the books and papers, because he desired to do so, and that it was not necessary for him to show in support of the motion that there was some reason why it was necessary that he should do so. We may assume he desired to make the inspection and examination to ascertain whether there was any dishonesty in the assignment, and that was a sufficient reason. The fair protection of creditors against fraud and dishonesty in assignments requires that there should be the fullest access by the creditors to the books and papers of the assignor.

Our conclusion is that the order was properly granted, under the provision in section 3 of the assignment act, above quoted; and that it should be affirmed, with $10 costs and disbursements. All concur.

---

COATSWORTH v. LEHIGH VAL. RY. CO. et al.

(Supreme Court, Appellate Division, Fourth Department. December 18, 1897.)

1. PLEADING—GROUNDS OF DEMURRER—IMPROPER PRAYER.
   A complaint is not demurrable because it asks for more or other relief than plaintiff is entitled to.

2. SAME—REDUNDANCY.
   Or because it contains redundant, impertinent, or irrelevant matter, or unmeaning verbiage.

3. SAME—UNCERTAINTY.
   Or because the language is argumentative, and not technical.

4. INJUNCTION—CONTINUING TRESPASS—COMPLAINT.
   A complaint alleged that plaintiff owned the fee in certain land, subject to an easement for street purposes; that, without his consent, one of the defendants had built, and both were maintaining, a bridge and railroad thereon, and just north of other land owned by plaintiff adjoining thereto; that by maintaining such bridge and railroad defendants were guilty of continuous trespass on plaintiff's land; that to recover for such trespass would require a multiplicity of suits, and that plaintiff had no adequate remedy at law. The relief prayed for was an injunction restraining such trespass. *Held*, that the complaint stated facts sufficient to constitute a cause of action.

5. SAME—DAMAGES.
   The complaint also alleged that plaintiff's land was valuable for manufacturing and business purposes, and that the bridge and railroad constructed and operated by defendants prevented him from connecting his land with another railroad, operated within a short distance therefrom, which connection would greatly enhance the value thereof, and caused the land to depreciate in value. *Held*, that the allegations showed that plaintiff had sustained, and was sustaining, substantial damages.

6. APPEAL—SCOPE OF REVIEW.
   On appeal from an order overruling a demurrer to the complaint in an action to restrain a trespass, the court, having concluded that the complaint stated a cause of action, will not determine the extent of relief to which the plaintiff may be entitled.

Appeal from special term, Erie county.

Action by Reuben H. Coatsworth against the Lehigh Valley Railway Company and another. From an interlocutory judgment entered on an order overruling a demurrer to the complaint, interposed on the ground that "it appears upon the face of the complaint that it does not state facts sufficient to constitute a cause of action," defendants appeal. Affirmed.

Argued before HARDIN, P. J., and ADAMS, GREEN, and WARD, JJ.

Bissell & Carey, for appellants.

John Cunneen, for respondent.

PER CURIAM. Plaintiff's complaint alleges that the Lehigh Valley Railway Company is a foreign corporation in virtue of the laws of the state of Pennsylvania, and engaged in operating a line of railroad for the transportation of freight and passengers from Sayre, in the state of Pennsylvania, through the town of Cheektowaga, into the city of Buffalo; that prior to the construction of the bridge mentioned in the complaint the plaintiff's grantors were, and he is now, the owner in fee simple and possessed of a tract of land in the city of Buffalo, particularly described in the complaint; that so much of the lands described "as lie within the bounds of Alabama street are subject to the easement and right of way of the public upon and over the same for the purpose of a public highway or street only"; that Alabama street is one of the public streets, and was opened, improved, and used by the public since about the year 1850. It is averred that the Lehigh Valley Railway Company, without the consent of the plaintiff or the owner of the lands, "erected and constructed, and claims to own, possess, and control, a bridge and superstructure upon and across that portion of the above-described lands and premises which lie within the bounds of Alabama street, which bridge and superstructure are placed upon abutments of solid masonry, placed one on the easterly and one on the westerly side of Alabama street, and upon iron posts or pillars resting in said street between said abutments, which bridge and superstructure are of a solid and permanent character, and, as the plaintiff alleges, constitute and are a part of the real estate of the plaintiff in this action above described, within Alabama street as aforesaid, and the property of the plaintiff in this action"; that the Lehigh Valley Railway Company, "in connection with said bridge and superstructure, constructed and maintains a line of railroad immediately in front of and on the northerly side of that portion of plaintiff's said lands and premises which lie westerly of Alabama street and easterly of Louisiana street (a public street of said city, situate westwardly of plaintiff's premises), and continued and maintains said line of railroad eastwardly from Alabama street for several thousand feet, which line of railroad in front of plaintiff's premises, and said bridge and superstructure across Alabama street, and thence eastwardly for several thousand feet, was, when erected and constructed, and still is, elevated upon solid embankments and abutments ranging from four to fifteen feet above the level of plaintiff's said lands and premises, said bridge and su-

perstructure across Alabama street rising about twelve feet above the level of plaintiff's lands and premises, and above the grade of Alabama street." It is alleged that the Lake Shore & Michigan Southern Railway Company maintains a switch or siding extending from its main line, through Scott street, in the city of Buffalo, westerly from Hamburg street to Alabama street, and at Alabama street "said switch track and siding lies within about twelve feet of the northerly line of so much of plaintiff's premises as lie within the bounds of Alabama street, and within about eighty feet northerly of the northeasterly corner of plaintiff's lands and premises lying westerly of Alabama street." It is averred in the complaint that the plaintiff's lands "are particularly valuable for business and manufacturing purposes, and such value would be greatly enhanced by having a railroad connection with the Lake Shore & Michigan Southern Railway Company's tracks, and which connection could readily be made except for the elevated roadbed, bridge, and superstructure placed and maintained thereon by the defendant the Lehigh Valley Railway Company, aforesaid, which elevated roadbed, abutments, bridge, and superstructure completely prevent any connection being effected between the plaintiff's said lands and premises and said Lake Shore & Michigan Southern Railway Company, or any other railroad company whatsoever." The plaintiff alleges that he desires to remove said bridge "constructed and maintained upon his lands within Alabama street aforesaid, but apprehends and avers that the defendants in this action may attempt to interfere with or prevent the plaintiff from removing the same and open up the highway for legitimate uses, and for the construction and maintenance of a spur or switch of railroad track to connect his other lands and premises with the tracks of the railway of the said Lake Shore & Michigan Southern Railway Company aforesaid, and to secure efficient railroad connections for his said property." It is alleged that the abutments and posts are so placed, and the said bridge and superstructure are so erected, placed, and maintained by the defendants without the consent or permission of the plaintiff, and this was and is illegally done. It is alleged that the effect has been to depreciate the value of plaintiff's lands. It is further alleged that the "abutments and posts and the erection and construction of the said bridge and superstructure thereon and maintaining the same without the consent or permission of the plaintiff cause a continuous damage to plaintiff, and that the defendants in this action are guilty of trespass several times every day upon the lands and property of the plaintiff in this action, by running locomotives and cars over his said property; that it would require a multiplicity of suits to recover for said trespasses, and that there is no adequate remedy at law for the plaintiff to redress the wrong trespasses of the defendants aforesaid." It is also averred that since the construction of the bridge the Lehigh Valley Railway Company has entered into some arrangement or agreement with the other defendant "to use and occupy its said line of railroad, and the said bridge and superstructure, the property of the plaintiff in this action, and the said two railroad companies, defendants in this action, by some arrangement between them, are continuously maintaining

the said posts and abutments and bridge in the position aforesaid, and
continuously trespassing upon the property of the plaintiff as afore-
said." The prayer of the complaint contains six subdivisions, and in
one of the subdivisions the plaintiff asks for an injunction "restrain-
ing and enjoining the defendants, or either of them, their agents or
servants, from trespass, as aforesaid, upon the lands and property of
the plaintiff, or that part thereof which lies within the bounds of
Alabama street aforesaid."

In Richards v. Edick, 17 Barb. 261, it was held:

. "If a demurrer admits facts enough to constitute a cause of action, that
is sufficient to sustain the complaint."

In People v. City of New York, 28 Barb. 248, it was said:

"Nor is it good cause of demurrer that the plaintiff asks in his complaint
for more than it shows he is entitled to, for relief that he is not entitled to,
or for further relief than he is entitled to. Nor is the insertion in the com-
plaint of redundant or impertinent matter, or of irrelevant or unmeaning
verbiage, cause of demurrer."

It is further said in the opinion in that case:

"It is the duty of the court to uncover the mass of heterogeneous facts, and
to sort out and arrange them; and, if it is found that any lot or parcel of
them, when arranged and placed together, will stand alone as a cause of
action, it is the duty of the court to overrule the demurrer."

In 1 Rums. Prac. p. 386, it is said:

"The demurrer can only be sustained when it appears that, admitting all
the facts alleged, it presents no cause of action whatever. Marie v. Garrison,
83 N. Y. 14–23. A complaint is good upon demurrer if it states a cause of
action, no matter how much irrelevant or unnecessary matter appears in it."

The case of Marie v. Garrison, 83 N. Y. 14, was referred to with
approval in Sanders v. Soutter, 126 N. Y. 195, 27 N. E. 263, and it
was said in the latter case:

"A cause of action will be deemed to be stated in a complaint whenever the
requisite allegations can be fairly gathered from all the averments, though the
statement of them may be argumentative, and the pleading deficient in tech-
nical language. Zabriskie v. Smith, 13 N. Y. 330."

That rule was adverted to with approval in Felts v. Martin, 20
App. Div. 64, 46 N. Y. Supp. 741.

In the course of the opinion in Railway Co. v. Robinson, 133 N. Y.
246, 30 N. E. 1009, it was said:

"Pleadings are not now to be strictly construed against the pleader, and
averments which sufficiently point out the nature of the pleader's claim are
sufficient if, under them upon a trial of the issue, he would be entitled to
give all the necessary evidence to establish his claim. Berney v. Drexel, 33
Hun, 34."

Defendants' demurrer admits "that the plaintiff is the owner in
fee simple of the lands within the bounds of Alabama street, sub-
ject to the easement and right of way upon and over the same for
the purposes of a public highway or street only." If the public
should discontinue or abandon the public street, the entire and ex-
clusive enjoyment of the property thus owned by the plaintiff would
be subject to his enjoyment as the proprietor of the soil from the
center of the earth to the center of the heavens. Jackson v. Hath-

away, 15 Johns. 453; Evans v. Commissioners, 84 Hun, 213, 32 N. Y. Supp. 547. That one of the defendants constructed, and that both are maintaining, a structure, and constantly using it, without the consent and authority of the plaintiff, is also admitted by the demurrer. The structure seems to be some 14 feet above the surface of the street. In a late case the court of appeals has upheld the right of the owner of the soil in a highway, subject to the easement of the public, to maintain ejectment for the removal of telegraph or telephone poles erected thereon without the consent of the owner. Eels v. Telegraph Co., 143 N. Y. 133, 38 N. E. 202; In re Grade Crossing Com'rs, 6 App. Div. 339, 40 N. Y. Supp. 520. In Williams v. Railroad Co., 16 N. Y. 97, it was held that:

"Although he [the owner] had a remedy at law for the trespass, yet, as the trespass was of a continuous nature, he had a right to come into a court of equity, and to invoke its restraining power to prevent a multiplicity of suits, and can, of course, recover his damages as incidental to this equitable relief."

The doctrine of that case was again asserted in the second appeal under the name of Henderson v. Railroad Co., 78 N. Y. 423, affirming 17 Hun, 344. See, also, McGean v. Railway Co., 133 N. Y. 9, 30 N. E. 647; Bowen v. Railroad Co., 153 N. Y. 479, 47 N. E. 907.

It is contended by the learned counsel for the appellants that, where substantial damages cannot be awarded to the owner of premises, an equitable action will not lie. It is not necessary to determine that question in this case adverse to the contention of the appellants. Suffice it to say that the allegations of the complaint are to the tenor and effect that the plaintiff, by reason of the wrongful acts of the defendants, has sustained, and is sustaining, substantial damages. The case, as presented upon the complaint by the plaintiff, is quite unlike O'Reilly v. Railroad Co., 148 N. Y. 347, 42 N. E. 1063, much relied upon by the appellants. In that case a trial had taken place before a referee, and he had, upon all the facts and evidence disclosed before him, "found it to be a fact that a general benefit had been produced by the presence of the railway, in which the plaintiffs' property participated"; and he also found "that the plaintiffs had failed to show that the fee or rental value of the premises had been diminished"; and he reached the conclusion "that, though the plaintiffs had shown title to the property in question, and to the easements of light, air, and access appurtenant thereto, and though the defendants had appropriated such easements without the sanction of the plaintiffs, and without having made compensation therefor, yet, as the plaintiffs had failed to show that any substantial loss had resulted to them, or that other than nominal damages had been suffered, and because it appeared that, to grant the equitable relief prayed for would involve serious public inconvenience, judgment should be directed dismissing the complaint." That dismissal, however, was to be "without prejudice to the right of the plaintiffs to bring such action as they may hereafter be advised, based upon facts not inconsistent with those herein adjudged." In considering the findings of the referee, and his conclusion to deny the injunction, the court, in its opinion (page 355, 148 N. Y., and page

1065, 42 N. E.), alludes to the case of Hunter v. Railway Co., 141 N. Y. 281, 36 N. E. 400, and says that it was there decided that:

"The question for the tribunal in each case is whether, by the construction and operation of the elevated railroad, there has been an intrusion upon the complainant's property rights, to his actual prejudice and damage."

Near the close of the opinion the learned judge says:

"It is sufficient to say, in conclusion, that we do not feel compelled by authority, nor upon principle, to hold that the court must grant relief by way of injunction in a case where the plaintiffs are unable to show any actual damage to their property, or loss suffered, by reason of the defendant's acts, and in the face of the fact that, by reason of the presence and operation of the elevated railroad in the street, the value of their property has greatly increased, and that it has shared equally with all the property in the vicinity in the general increase of values which has taken place."

We see nothing in that case inconsistent with the views which we have already expressed, nor anything tending to indicate that if the plaintiff, in the trial of this action, shall establish substantial damages, he may demonstrate the right of recovery.

Having reached the conclusion that the complaint states facts sufficient to constitute a cause of action, we do not deem it necessary to consider the extent of the relief which the plaintiff may be entitled to, nor to determine at this time whether the plaintiff is entitled to any relief as to the block of land mentioned in the complaint lying outside of Alabama street. Those questions can more appropriately be determined when the facts are produced at the trial. Whether an injunction shall issue in a case of this character or not is always addressed to the sound equitable discretion of the court, after consideration of all the facts and circumstances disclosed upon the hearing of the parties; and such discretion can more appropriately be exercised after a trial than upon considering the complaint to which a demurrer has been interposed. We are of the opinion that the demurrer was properly overruled at the special term.

Interlocutory judgment affirmed, with costs, with leave to defendants to answer upon payment of the costs of the demurrer and of this appeal.