ALDEN S. SWAN, Appellant, *v.* EDWARD KEOUGH, Respondent.

*A prejudicial remark of the judge on a trial — when it necessitates a new trial.*

A remark made by the court to the plaintiff's counsel during the trial of an action, "I mean to throw this action out of court the first opportunity," although the jury are charged that they must not pay any attention to what the court had said to counsel, requires the reversal of a judgment against the plaintiff and the granting of a new trial.

APPEAL by the plaintiff, Alden S. Swan, from a judgment of the County Court of Sullivan county in favor of the defendant, entered in the office of the clerk of the county of Sullivan on the 8th day of March, 1897, upon the verdict of a jury, and also from an order entered in said clerk's office on the 28th day of January, 1897, denying the plaintiff's motion for a new trial made upon the minutes.

The action was originally brought in a Justice's Court, and, a judgment having been rendered in favor of the defendant, plaintiff appealed to the County Court of Sullivan county and demanded a new trial.

*Alpheus Potts,* for the appellant.

*D. S. Hill,* for the respondent.

LANDON, J.:

The complaint in the Justice's Court alleged that the defendant wrongfully entered upon the plaintiff's premises in January, 1896, and removed therefrom and converted to his own use a quantity of ice, the property of the plaintiff, of the value of sixty dollars.

The defendant answered by a general denial, and did not " set forth in his answer facts showing that the title to real property will come in question." (Code Civ. Proc. § 2951.) The learned county judge submitted the case to the jury upon the evidence, and instructed them that if the plaintiff had shown himself in possession of the *locus in quo* he was entitled to recover — otherwise, he was not. During the trial the plaintiff offered in evidence the record of a judgment in a former action between the grantor of the plaintiff and this defendant, wherein the plaintiff's grantor had recovered for a like trespass. This was objected to as incompetent and immaterial, and the objection sustained, the court remarking upon making the ruling: "I mean to throw this action out of court the first opportunity." The plaintiff's counsel excepted severally to the ruling and the accompanying remark. It probably did not sufficiently appear that the former judgment was upon substantially the same issues as were here involved, and, therefore, it was not error to exclude it; but the remark of the court in the presence of the jury was improper to a degree constituting error. The court, in charging the jury, said that they must not pay any attention to what he had said to counsel, possibly meaning the remark excepted to. We do not think that this instruction to the jury neutralized the effect of the remark. In view of the case made by the plaintiff upon the merits, it is not improbable that this remark caused his defeat. He was entitled to a fair trial, and we do not think he had it.

The judgment should be reversed and a new trial granted in the Sullivan County Court, with costs to abide the event.

All concurred.

Judgment reversed, new trial granted, costs to abide the event.