(107 App. Div. 485.)

### KLEINERT v. FEDERAL BREWING CO.

(Supreme Court, Appellate Division, Second Department. September 29, 1905.)

TRIAL—MISCONDUCT OF COURT—REMARKS TO COUNSEL.

    Remarks of the court to counsel on rulings during the progress of the trial, whereby it placed its own interpretation on the evidence, usurping the province of the jury and charged counsel with lack of preparation and with a deliberate purpose to deceive, are reversible error.

    [Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 80, 81.]

Appeal from Trial Term, Kings County.

Action by Albert E. Kleinert against the Federal Brewing Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

I. R. Oeland, for appellant.

Hugo Hirsh, for respondent.

WOODWARD, J. This action was brought to recover damages alleged to have been sustained by the plaintiff by reason of the cancelation of a contract for the construction of a stable upon the premises of the defendant, and has resulted in a verdict in favor of the plaintiff for $2,000, which, it seems to us, might be sustained, except for the fact that upon the trial the learned justice presiding insisted upon placing his own interpretation upon the evidence, thus usurping the province of the jury. It is true, of course, that the issues of fact were formally submitted to the jury for determination, but the trial is so full of matter which could not fail to prejudice the defendant's case that within well-known authorities the verdict should be set aside and the defendant be granted a new trial.

The defendant is a corporation, and, after advertising for bids for the construction of a stable, its board of directors at a meeting adopted a resolution directing its executive committee to enter into a contract at its discretion with the plaintiff for the construction of the building. There is no evidence that the executive committee ever met, or that all of the members acted in the premises; but there is evidence from which the jury might find that some of the members of the executive committee, who constituted the officers of the defendant, conveyed to the plaintiff the information that his bid had been accepted and directed him to commence the work. After the plaintiff had been at work for some days, one of the officers of the defendant urged him to hurry up the work, and an increased force of men was engaged; and these facts, in connection with others that appear in the case, might justify the jury in reaching the conclusion that there was a verbal contract for the construction of this stable. But the difficulty is that the learned court, in the course of a running discussion with counsel for the defense, insisted on assuming that there was a verbal contract and in treating the case as though

it had no merit. The following is a sample of the various colloquies which took place during the trial:

"The Court: The recovery is to be had, if at all, upon an oral contract. Do you understand that? Why are you troubling yourself about a written contract? There was not any written contract. There was never any signed.

"Defendant's Counsel: If your honor will let me state why—

"The Court: You have said it again and again, and I do not see anything in it. I do not think you have any reason.

"Defendant's Counsel: We except to your honor's remark.

"The Court: Well, except to that. You are doing nothing else. You are going outside. You have wasted an hour in rambling about outside of what I have told you distinctly that I limit the case to. What has this to do with the case anyway; can you tell me?

"Defendant's Counsel: Yes, sir.

"The Court: Well, tell me now, and once for all.

"Defendant's Counsel: By the by-laws and resolution of the board of directors they restricted the authority. In the first place, the president had no right to bind the brewery by a contract of this kind, by the by-laws and by the resolution. In the second place, the directors, recognizing that, have restricted these particular officers to the making of a certain contract.

"The Court: Well, that contract was verbally made.

"Defendant's Counsel: Well, we say it was not.

"The Court: Well, but tell me why you are disturbing yourself about the written contract, when I tell— You know that I am going to direct the jury to find that there never was a written contract at all. You have not given me any reason that is sufficient for a rational mind.

"Defendant's Counsel: I can't prove my case until I get to it.

"The Court: You are not proving your case. You are not proving anything that has anything to do with the case. You have not proved the case. You came in to try the case without ever having read the pleadings. You came in and made a point at the outset that the issues were definitely made upon the existence of a written contract, and the moment I read the papers I find it is no such thing.

"Defendant's Counsel: I except to your honor's remark.

"The Court: Well, you may except.

"Defendant's Counsel: I read the pleadings, and I consulted with my clients.

"The Court: You have not prepared the case. You came in here without knowing what you were to try. That is perfectly apparent. Now, you are wasting my time and the time of the jury."

What chance has counsel of getting respectful attention from the jury, when the court in effect tells them that he is there without preparation, and that he is deliberately seeking to deceive? Generally speaking, counsel has a right to present his theory of the case, or at least to offer to present it, without being accused of duplicity, ignorance, or bad faith; and where the trial court transgresses this right of counsel, invading as it does the rights of litigants, it is the duty of appellate courts, in the interests of the orderly administration of justice, to reverse the verdict and send the case back for a new trial; and this should be the disposition of the case now before us. See Swan v. Keough, 35 App. Div. 80, 54 N. Y. Supp. 474; Beers v. Metropolitan Street Railway Co., 88 App. Div. 9, 84 N. Y. Supp. 785.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.