### WRIGHT v. UNITED TRACTION CO.

(Supreme Court, Appellate Division, Third Department. March 10, 1909.)

1. STREET RAILROADS (§ 110*)—INJURIES—PLEADING.

Where a complaint alleged that while plaintiff was carefully driving, and necessarily upon defendant's track, its car, propelled with great force, struck his wagon, and that his injuries were due only to the negligence of defendant, and without any negligence on his part, it was error to dismiss the complaint.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 224; Dec. Dig. § 110.*]

2. PLEADING (§ 34*)—SUFFICIENCY.

A complaint is to be liberally construed in favor of the pleader. This is especially true where its sufficiency is attacked for the first time upon the trial, and after a former trial upon the merits without objection to its sufficiency.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 66; Dec. Dig. § 34.*]

Appeal from Trial Term, Rensselaer County.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Minor Wright against the United Traction Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Albert B. Wolf (John W. Roddy, of counsel), for appellant.

John E. McLean (P. C. Dugan, of counsel), for respondent.

JOHN M. KELLOGG, J. Upon the first trial the sufficiency of the complaint was not questioned. Upon the second trial, after the jury was impaneled, the complaint was dismissed, upon the defendant's motion, upon the ground that it did not show any negligence upon the part of the defendant. In substance it alleged, on that subject, that while the plaintiff was carefully driving and turning his horse and wagon in a narrow street, he was necessarily upon the defendant's track, and its car, propelled with great force and violence, struck the hind wheel of his wagon and threw him out, and that his injuries were due solely and only to the carelessness and negligence of the defendant in permitting its car to run into and strike his wagon with great force and violence, and without any carelessness or negligence or lack of attention on his part in driving said horse and wagon.

A complaint is to be liberally construed in favor of the pleader. Ellsworth v. Agriculture Society, 99 App. Div. 119, 91 N. Y. Supp. 1040. This is especially true where its sufficiency is attacked for the first time upon the trial, and after a former trial upon the merits without objection to its sufficiency. In this complaint we have not only the general allegation that the defendant was negligent and careless, and the plaintiff free from negligence, but it appears that the car was propelled with great force and violence, striking the hind wheel of the plaintiff's wagon while he was necessarily upon the track, and such allegations tend to give color and emphasis to the charge of negligence upon the part of the defendant. In fact, it is fairly inferable from the statements, if we concede the plaintiff was carefully driving and was free from all negligence, that the defendant's negligence must have caused the injury.

It was error to dismiss the complaint, and the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.