## PEOPLE v. MAYER.

(Supreme Court, Appellate Division, First Department. June 4, 1909.)

1. CRIMINAL LAW (§ 562*)—CORROBORATION—SUFFICIENCY OF EVIDENCE.

Where the testimony of the prosecuting witness was misleading, confused, contradictory, and unreliable, and was uncorroborated, a conviction could not be sustained.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 562.*]

2. CRIMINAL LAW (§ 655*)—TRIAL—CONDUCT OF JUDGE.

Where, in a criminal prosecution, the judge immediately denies defendant's motion for acquittal, saying "There is no use urging that," limits counsel to 15 minutes' argument, the crime being punishable by 20 years' imprisonment, and rebukes the jury for not arriving at a conclusion, and throughout the entire case by his comments creates an atmosphere hostile to the defendant, it is ground for reversal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1520–1523, 1527, 1535; Dec. Dig. § 655.*]

3. CRIMINAL LAW (§ 711*)—TRIAL—LIMITING ARGUMENT OF COUNSEL.

It is an abuse of discretion to refuse to allow counsel reasonable time to sum up to the jury, and it was error to limit counsel for defendant to 15 minutes' argument; the crime being punishable by 20 years' imprisonment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1657; Dec. Dig. § 711.*]

4. CRIMINAL LAW (§ 865*)—TRIAL—REMARKS OF COURT.

Where the jury returned into court after being out some time, stating that there was no possible chance for their agreeing, and the court stated that the evidence was such that the jury should have no difficulty in coming to a conclusion, and that any juror who refuses to discuss the evidence with his fellow jurors, or bases his opinion on prejudice or sympathy is guilty of a grave crime, and there is no reason, except through sympathy or improper motives, irrespective of the evidence, why the jury cannot agree, such remarks were improper, and not a correct statement of the law.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2069; Dec. Dig. § 865.*]

Appeal from Court of General Sessions, New York County.

Albert Mayer was convicted of crime, and appeals. Reversed.

See 114 N. Y. Supp. 25.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Clark L. Jordan, for appellant.

E. Crosby Kindleberger, Deputy Asst. Dist. Atty., for the People.

INGRAHAM, J. From the nature of the crime charged and the evidence given to sustain it, any discussion of the evidence upon which the jury have rendered a verdict of guilty would be improper in an opinion to be published. I will simply indicate the conclusion at which I have arrived from an examination of this record.

The principal witness against the defendant was a boy about 14 years of age residing with his parents in the city of New York. Upon both his direct and cross-examination his testimony was so confused and contradictory, he asserting at one time and at another denying

facts in relation to this crime, that no reliance can be placed upon his testimony, and the district attorney concedes that it was insufficient to convict, if not corroborated. His final story, however, seems to be that the occurrence happened in a back room of the defendant's apartment, away from the street, after it was dark, and with no light in the room. The witness testified again and again that the defendant did nothing to him in the kitchen or in the front room, the front room meaning the room that had windows facing on the street; that the occurrence happened in the bedroom; that there was no light there; and that it was entirely dark at the time. All this happened on the 13th of June, 1908. As to this testimony, the witness was entirely uncorroborated. No one is alleged to have seen this occurrence except the boy; and in view of the utter unreliability of the evidence that he gave, irrespective of the necessity of corroboration, I do not think it would be sufficient to justify the conviction. The evidence offered as corroborating the boy was insufficient of itself to convict the defendant, was consistent with innocence of this crime charged, and considering the whole case made out by the people, and in view of the testimony of the defendant and the boy's mother, I think the judgment should be reversed on the ground that the people have not made out a case of guilt beyond a reasonable doubt which justified a conviction. Even if the evidence to justify the court in submitting the question to the jury was sufficient, I think the record discloses the fact that the defendant did not have a fair trial, and that the attitude of the court towards the defendant and his counsel during the whole trial was such that the defendant did not have an opportunity of fairly presenting his defense, so that the jury could fairly and intelligently pass upon the question as to his innocence or guilt.

When the people rested, the defendant made a motion that the court direct the jury to acquit, when the court at once said:

"The motion is denied. There is no use of arguing that."

The defendant then called the boy's mother as a witness, and the mother was asked whether, after the boy was in custody, she had a talk with him and asked him whether the defendant had done anything improper to him. That was objected to as leading, and the objection sustained. One or two other questions were asked of the same character, which were also objected to, when the court stated to defendant's counsel:

"Now, if you persist in this course of leading the witness, I will take some action after this trial is over; and I warn you not to waste our time further by putting leading questions, again and again, after I have just sustained the objection to at least four of such questions, put right together. And I think your manner is a contempt of court, and will so consider it, if you continue it, and, at the conclusion of this trial, I will take up the matter, if you continue. If you think that you can ask leading questions, after I have excluded them at least four times, I will see whether you can or not."

On the cross-examination of the boy, his attention had been called to this interview, and he had been asked whether he had made these statements to his mother. Counsel for the defendant was entitled to directly ask the witness whether the boy had made the statements to the witness that he had denied having made, and which

were in direct contradiction to the testimony that he had given upon the trial. The exception to the exclusion of that testimony was well taken, and certainly the counsel had not subjected himself to such a rebuke from the court, with a threat of punishment, in putting questions which were competent:

Upon the examination of the defendant, his counsel attempted to show the witness a plan of the apartment showing the location of the different rooms, when the court interposed and refused to allow his counsel to show him the plan, and even refused to allow the counsel to hand the plan to the witness for the purpose of identifying it.

At the close of the trial, the court seems to have confined the counsel to 15 minutes in summing up a case where a conviction would subject the defendant to an imprisonment for 20 years in the state's prison.

During the summing up of the district attorney, counsel for the defendant submitted that the district attorney had not the right to comment on the absence of the defendant's employer from the stand, or any other witness, whereupon the court interposed:

"The district attorney has the right, in view of the fact that the defendant took the stand, and other witnesses took the stand, to draw any deduction that he pleases from the presence or absence of witnesses, or from any testimony that has been introduced in the case, or might have been introduced in the case."

To that the counsel for the defendant took an exception. At the conclusion of the summing up of the assistant district attorney, counsel for the defendant asked the court to allow him to put his exception on the record as to the court's limiting him to 15 minutes in addressing the jury in a case of this importance, when the court interrupted, saying:

"Well, if you had given us less talk about what you loved, you could have finished your argument in the given time. The time was fixed in advance, and, if you had devoted your time to summing up on the evidence, and had not spent so much of your time in expressing your opinion, you could have finished. The district attorney finished in 10 minutes."

And when counsel for the defendant stated: "But, if your honor please, in view of the—" the court again interposed, saying:

"I will fine you for contempt if you interrupt again. You are apparently trying to influence the jury by making it appear that the court is harsh or oppressive. What have your expressions of opinion and of your likes and dislikes to do with the case? What has it to do with the case that the counsel says that he loves boys and dogs? And the counsel's opinions on those or any other subjects are of no consequence in this case. The question here is one of fact for the jury, based on the evidence, and upon nothing else, and I make these remarks on account of the counsel's conduct in this respect."

These comments of the court were not justified by the record, and, together with the fact that the court refused to give counsel a fair time in which to sum up the case to the jury, its conduct appears to us to have been harsh and oppressive. While recognizing fully the discretion that the court has in relation to the conduct of a case and to the time which counsel shall be allowed to take in submitting the questions to the jury, the right of a defendant in a criminal case to

appear by counsel is protected by the Constitution, and that necessarily includes a reasonable time in which to comment upon the testimony and submit to the jury the reasons why the defendant should not be convicted. To refuse to allow counsel a reasonable and proper time to sum up to the jury was an abuse of discretion and a violation of the fundamental rights of the defendant.

In submitting the case to the jury, I think the court was unfair to the defendant in its comments upon the defendant's testimony and that of the boy, and as to the testimony of the witnesses who furnished what was called the corroborating evidence. At the end of the charge, counsel for the defendant objected to the judge's comments upon the evidence. After the jury had been out for some time they returned into court, stating that there was no possible chance for their agreeing, whereupon the court said to the jury:

"The court is very doubtful of the truth of that statement, though the man who wrote it believed it, of course. But the evidence is such that the jury ought not to have any difficulty whatever in coming to a conclusion. A lot of filth was disclosed in this case, and it is not for the public interest that this case should be tried again. It is the duty of every juror to discuss the evidence in the case with his fellow jurors, and, as I said to you before, to-day, any juror who refuses to do that, or bases his opinion upon prejudice, or sympathy, or anything but the evidence in this case, is guilty of a grave crime against the law of this state. You have heard all the evidence in this case, and the question is, Is the defendant guilty or not guilty on the evidence? And there is no reason, within my view, except through sympathy or an improper motive of some kind, irrespective of the evidence, why the jurors cannot agree."

Counsel for the defendant excepted to that portion of the charge which said that there was no reason on which this jury should disagree. I think this was an extreme statement to make to the jury. Considering the nature of the testimony in this case, admitting that there was some evidence to carry the case to the jury, it was a case in which a conscientious juror might well have had a reasonable doubt as to whether the defendant was guilty of the crime charged. It was entirely improper for the court to say that in this case:

"There is no reason, within my view, except through sympathy or an improper motive of some kind, irrespective of the evidence, why the jurors cannot agree."

That certainly was not a correct statement of the law. There was imposed upon each juror the duty of coming to an independent judgment as to the guilt or innocence of the defendant, and the court had no right to say to any juror that his refusal to agree with his fellows was evidence of sympathy or improper motive of some kind.

These extracts from the record have been quoted as an illustration of the court's attitude throughout the case, its treatment of defendant's counsel, and its attitude towards the defense. We are satisfied that the defendant was not permitted fairly to present his case to the jury, and that an atmosphere was created by the comments of the judge during the trial upon the conduct of the defendant's counsel and the evidence in the case, as well as by the court's statement of the evidence to the jury, which makes it our duty to set aside the verdict and direct a new trial.

There were errors in rulings upon testimony which present serious questions, but which, in view of the conclusion at which we have arrived, it is not necessary to discuss.

The judgment is therefore reversed, and a new trial ordered.

McLAUGHLIN, HOUGHTON, and SCOTT, JJ., concur. LAUGHLIN, J., concurs in result.