Granulator Soap Company, Appellant, v. William Haddow, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Hirschberg, Woodward and Rich, JJ., concurred; Burr, J., not voting.

Oliver W. Hicks, Respondent, v. John Sarano, Appellant.— Order of the County Court of Nassau county affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Burr, Thomas, Carr and Woodward, JJ., concurred.

In the Matter of the Application of David Blumberg, Respondent, for an Order Discharging a Mechanic's Lien, Filed by Samuel Sherusky and assigned to Lena Greenbaum, Lienor, Appellant. (Appeal No. 2.) — Order reversed, with ten dollars costs and disbursements, on authority of *Matter of Blumberg, No. 1 (ante, p. 303),* decided herewith. Jenks, P. J., Thomas, Carr and Woodward, JJ., concurred; Burr, J., not voting.

In the Matter of the Compulsory Judicial Settlement of the Account of Henry S. Dollard and Albert H. Dollard, as Executors, etc., of Samuel H. Dollard, Deceased, Appellants. Theodore E. Dollard, Respondent.— Order of the Surrogate's Court of Kings county affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Hirschberg, Woodward and Rich, JJ., concurred; Burr, J., not voting.

In the Matter of Proving the Alleged Last Will and Testament of George Marshall, Sr., Deceased. Hazel Holloway, Appellant; George Marshall and Henry S. Marshall, as Executors, etc., of George Marshall, Sr., Deceased, and Adeline Bedell, Respondents.—Decree of the Surrogate's Court of Richmond county affirmed, with costs. No opinion. Jenks, P. J., Thomas, Carr and Woodward, JJ., concurred; Burr, J., not voting.

Marie Klein, Respondent, v. Brooklyn Majestic Theatre Company, Appellant. (Appeal No. 1.) — Order reversed, with ten dollars costs and disbursements, and motion denied, with costs. We think that the order for the second examination should stand. It appears possible that the same cause required the amputation of both breasts, and if so, the plaintiff could not attribute the injury to the right breast, for which she seeks damages, to the negligence, or wholly to the negligence of the defendant complained of in this action. Defendant is not chargeable with shortcomings in the matter, and the facts shown justified the Special Term in granting the second order, which is properly limited in its scope. (See *Dambmann* v. *Butterfield,* 15 Hun, 495.) Jenks, P. J., Burr, Thomas, Carr and Woodward, JJ., concurred.

John Lang, Respondent, v. E. Hermann Mueller, Appellant, Impleaded with Lizzie Lang and Martha Mueller, Defendants.— Judgment affirmed, with costs, on the ground that defendant Mueller has not established that he was a purchaser for a valuable consideration within the meaning of