ALMA PETERSON, Respondent, v. GEORGE D. EIGHMIE,
Appellant.

First Department, December 1, 1916.

Pleading — construction of complaint challenged for insufficiency —
negligence — action for injuries caused by being struck by automo-
bile — sufficiency of complaint — criticism of attorney by trial court
— charge unduly invading province of jury.

On a motion to dismiss a pleading for insufficiency it cannot be defended
on the ground that the complaint and bill of particulars, taken together,
are sufficient to show a cause of action, if there be no cause of action
stated in the complaint.

It is the general rule, however, that a complaint when challenged for
insufficiency is to be liberally construed, and that the pleader is to be
deemed to have alleged not only the facts set forth, but those also to be
implied therefrom by reasonable and fair intendment, and this rule is
applied more liberally when no question has been raised with respect to
the sufficiency of the complaint until the trial.

Where, in an action for personal injuries alleged to have been caused by
being struck by defendant's automobile, the only allegations tending to
charge the defendant with negligence are that the plaintiff was struck
and injured in the public street by the defendant's automobile which
was under his control and was operated by him at the time, and that
her injuries "were caused solely by the negligence and carelessness of
the defendant in charge of the aforesaid automobile," the complaint,
applying the liberal rule of construction, is sufficient.

But a complaint merely alleging, generally, that the plaintiff without
fault and while exercising due care was injured through the negligence
of the defendant, without specifying any duty owing by the defendant
to the plaintiff, or the act of omission or commission by the defendant
which caused the injuries, would be demurrable.

Where, in such a case, close questions of fact were presented with respect
to the plaintiff's freedom from contributory negligence and the negli-
gence on the part of the defendant, it was error for the court to criticize
the attorney for the defendant by charging him with "petty practices,"
"killing time," prejudicing the rights of his client, etc., because on
cross-examination he asked a physician and surgeon connected with a
hospital and its X-ray expert, a witness for the plaintiff, how long he
had been doing X-ray work, and such error was not obviated by the
court stating in its charge that its object was "to hasten things along"
and that there was no intention to express an opinion with respect to
the merits of the action.

The trial court also unduly invaded the province of the jury in instructing them that somebody was not telling the truth, and to render a conscientious verdict in order that "some one here, and people in their situation may be discouraged from bringing testimony of the kind that has been brought into court here on one side or the other."

APPEAL by the defendant, George D. Eighmie, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of April, 1916, upon the verdict of a jury for $4,500, and also from an order entered in said clerk's office on the 17th day of April, 1916, denying defendant's motion for a new trial made upon the minutes.

*Manton Marks,* for the appellant.

*Edward A. Brown* [*Emil P. Korkus* with him on the brief], for the respondent.

LAUGHLIN, J.:

The plaintiff has recovered for personal injuries caused by her being struck by defendant's automobile while she was going northerly across One Hundred and Twenty-fifth street on the westerly side of Park avenue in the forenoon on the 2d day of June, 1914, and the automobile was going easterly on the southerly side of One Hundred and Twenty-fifth street.

At the commencement of the trial and before any evidence was taken the defendant moved that the complaint be dismissed on the ground that it failed to state facts sufficient to constitute a cause of action in that it merely charges negligence generally without charging any *act* of negligence on the part of the defendant. The attorney for the plaintiff thereupon drew the attention of the court to the bill of particulars and claimed that it was part of the pleadings; but the attorney for the defendant maintained that a bill of particulars could not be used to amplify the complaint. The motion was denied and an exception was duly taken which is urged on the appeal as a ground for reversal. The only allegations of the complaint tending to charge the defendant with negligence are that the plaintiff was struck and injured in the public street by the

defendant's automobile which was under his control and was operated by him at the time and that her injuries "were caused solely by the negligence and carelessness of the defendant in charge of the aforesaid automobile." The bill of particulars purports to have been furnished about a year before the trial, and in it she charges the defendant with negligence in starting his automobile suddenly and without any warning after it had stopped and as she was proceeding across the street about fifteen feet in front of him. The case was tried and the recovery was had on the theory of negligence thus particularized. There was and could be, therefore, no surprise; but, on a motion to dismiss a pleading for insufficiency, it cannot be defended on the ground that the complaint and bill of particulars taken together are sufficient to show a cause of action if there be no cause of action stated in the complaint. (*U. S. Printing & Lithograph Co.* v. *Powers,* 171 App. Div. 406; *St. Albans Beef Co.* v. *Aldridge,* 112 id. 803; *Orvis* v. *Jennings,* 6 Daly, 434. See, also, *Toplitz* v. *King Bridge Co.,* 20 Misc. Rep. 576.) It is the general rule, however, that a complaint when challenged for insufficiency is to be liberally construed and that the pleader is to be deemed to have alleged not only the facts set forth but those also to be implied therefrom by reasonable and fair intendment (*Coatsworth* v. *Lehigh Valley R. R. Co.,* 24 App. Div. 273; affd., 156 N. Y. 451; *National Contracting Co.* v. *Hudson R. W. P. Co.,* 170 id. 439; *Ellsworth* v. *Agricultural Society,* 99 App. Div. 119; *Milliken* v. *Western Union Tel. Co.,* 110 N. Y. 403), and this ruling is applied more liberally when no question has been raised with respect to the sufficiency of the complaint until the trial. (*Wright* v. *United Traction Co.,* 131 App. Div. 356.) Applying this rule of liberal construction I am of opinion that the complaint was sufficient. The question depends upon whether the plaintiff has charged the defendant with *negligence in operating the automobile.* Of course a complaint which merely alleged generally that the plaintiff without fault on his part and while exercising due care was injured through the negligence of the defendant without specifying any duty owing by the defendant to the plaintiff or the act of omission or commission by the defendant which caused the injuries would be demurrable,

for it would merely state a conclusion of law with respect to negligence on the part of the defendant without setting forth the *act* of the defendant which it was claimed was *negligently performed;* but here the particular *act* is stated, and it consists in the operation of the automobile along the street, bringing it into collision with plaintiff, and the general charge of negligence following relates to that, and in effect is a charge that the automobile was negligently operated by the defendant which is sufficient. (*Anderson* v. *McNulty Brothers,* 149 App. Div. 735; *Catterson* v. *Brooklyn Heights Railroad Co.,* 132 id. 399; *Wright* v. *United Traction Co., supra; Oldfield* v. *N. Y. & Harlem R. R. Co.,* 14 N. Y. 310; *Edgerton* v. *N. Y. & Harlem R. R. Co.,* 39 id. 227; *Powell* v. *Cohoes R. Co.,* 136 App. Div. 204; *Page* v. *United Traction Co.,* 161 id. 383; *Pagnillo* v. *Mack Paving & Const. Co.,* 142 id. 491; *Pizzi* v. *Reid,* 72 id. 162; *Leeds* v. *New York Tel. Co.,* 64 id. 484; *Hicks* v. *Serano,* 74 Misc. Rep. 274; affd., 149 App. Div. 926; *Richmond* v. *Second Ave. R. Co.,* 19 N. Y. Supp. 597; *Jackman* v. *Lord,* 56 Hun, 192; *Rouget* v. *Haight,* 57 id. 119. See, also, *Robinson* v. *Ocean Steamship Co.,* 162 App. Div. 169.)

Error is also predicated upon the conduct of the trial court which it is claimed seriously prejudiced the defense. The evidence presented close questions of fact with respect to the plaintiff's freedom from contributory negligence and negligence on the part of the defendant. The evidence on the part of the plaintiff tends to show that as she reached the corner of One Hundred and Twenty-fifth street and Park avenue fire engines went easterly on that street; that she stopped at the southerly curb of One Hundred and Twenty-fifth street; that after traffic started again, following the passing of the fire engines, she awaited her turn to cross the street, and observed the defendant's automobile standing in the carriageway about ten feet to her left; that a wagon pulled out from behind the defendant's automobile and passed easterly; that she then started to cross the street, and on taking two or three steps the right front wheel of the automobile, which had started without any warning, struck her left side, and knocked her down. The testimony of the plaintiff was substantially cor-

roborated by that of several other witnesses. The defendant's theory of the accident is that the plaintiff stepped out from behind an elevated railroad pillar which rested just inside of the southerly curb of ·One Hundred and Twenty-fifth street, and about thirteen inches west of the curb line of Park avenue, and walked into the side of the automobile as it was passing that point; and this theory is ·supported by the testimony of several witnesses and to some extent by the testimony of the plaintiff who admitted on cross-examination that she was struck by the *side* of the right-hand mudguard. In ·these circumstances it was absolutely essential to the interests of justice that there should be a fair and impartial trial. One Bower, called for the plaintiff, testified that on the 28th day of October, 1914, he was a physician and surgeon and was connected with the Lebanon Hospital and was its X-ray expert, and that he took an X-ray photograph of the plaintiff's limb alleged to have been injured, and that the photograph showed an injury to the lower end of the fibula, but that he made no physical examination of her. The plate showing the picture was then received in evidence. On cross-examination the attorney for the defendant asked the witness how long he had been doing X-ray work; whereupon the attorney for the plaintiff objected upon the ground that the question was immaterial and irrelevant. The court thereupon, addressing the attorney for the defendant, asked, " Why do you want to spend the time on cross-examination ? " to which the attorney for the defendant replied that the witness was called as an expert. Thereupon the court said: " You contest it ? I will give you all the time you want, but I will say your methods are creating, in my mind at least, a prejudice against your case." The attorney for the defendant then asked leave to withdraw a juror. The application was denied, and he took an exception, whereupon the court said: "I urge you further to refrain from these petty practices. They create in my mind a sort of repugnance to your methods." The attorney for the defendant expressed regret that the court so viewed his conduct, and informed the court that the defense had no knowledge with respect to the alleged injuries; and to this the court replied: " Here is a man from the hospital and you start in to examine him as to his

qualifications to take a picture. You are killing time." The attorney for the defendant stated that his purpose in asking the question was not to test the qualification of the witness. He was again admonished by the court that he was killing time, but that he would be given all the time he wanted and might proceed as long as he desired. The attorney then stated that he desired to ask a question or two which he considered he was entitled to ask, and that he thought the remarks of the court were prejudicial to the case of his client, to which the court replied: "Your actions are certainly prejudicial to it. Your client is suffering from these actions." The attorney for the defendant thereupon remarked: "Possibly, but I do not think your Honor has any right to say that;" whereupon the court said: "I give you one more warning that our time is not to be taken up by trivial practices such as you are engaging in." This attitude of the trial court was not warranted by anything which appears in the record. The question which, according to the record, gave rise thereto was one which the attorney for the defendant had a perfect right to ask and to have answered without being criticised therefor by the court. Of course, neither the plaintiff nor her attorney is in any manner responsible for these prejudicial remarks by the court, but still they may have influenced the jury in reaching a determination on the issues submitted to them. It may well have been inferred by the jury that the court intended that they as well as the court ought to be prejudiced against the defendant's case on account of the acts of the defendant's attorney. New trials have frequently been granted where the court unduly criticised the attorney or counsel for one of the parties in the presence of the jury in a manner calculated to prejudice the client's cause of action. (See *Kleinert* v. *Federal Brewing Co.,* 107 App. Div. 485; *Bennett* v. *Harris,* 68 Misc. Rep. 503; *People* v. *Hill,* 37 App. Div. 327; *Hunt* v. *Becker,* 173 id. 9; *Malek* v. *Delaware, L. & W. R. R. Co.,* 174 id. 926. See, also, *People* v. *Mayer,* 132 App. Div. 646; *Bolte* v. *Third Avenue R. R. Co.,* 38 id. 234.) The learned trial court endeavored to remove any prejudice the jury might have owing to the controversy between the defendant's attorney and the court by stating in the charge that the object of

the court was "to hasten things along;" and that there was no intention to express an opinion with respect to the merits of the action; and that the parties were entitled to have the question of fact decided by the jury. It cannot be said, however, that this corrected the former errors. (See *Brooks* v. *Rochester Railway Co.*, 156 N. Y. 244; *Swan* v. *Keough*, 35 App. Div. 80; *People* v. *Fielding*, 158 N. Y. 542; *Davison* v. *Herring*, 24 App. Div. 402.) The learned trial court also unduly invaded the province of the jury in instructing them, with respect to the conflict of evidence, that somebody was not telling the truth; and that where a party attempts to obtain evidence favorable to himself whether true or false that creates and should create in the minds of the jury "a doubt as to any good faith or any testimony;" and in instructing the jury to render a fair, deliberate and conscientious verdict in order that "some one here, and people in their situation, may be discouraged from bringing testimony of the kind that has been brought into court here on one side or the other." In these circumstances the jury, it may be, rendered the verdict more for the purpose of rebuking the defendant than on an impartial determination on the facts. The evidence to which these remarks were addressed relates to an incident narrated by a witness for the plaintiff to the effect that the defendant, after informing the witness that he was reimbursing plaintiff for the time she was losing and paying her doctor's bill, and making her various presents of flowers and magazines, asked the witness if it was not a fact that plaintiff stepped out from behind the elevated pillar, which incident defendant denied; and the other instance relates to the testimony of a witness for the plaintiff, given to impeach a witness for the defendant, to the effect that the witness for the defendant admitted that the defendant was going to pay him for testifying. The defendant was not present at that interview and of course he could not deny it; but his witness denied it. If there was any unfavorable inference to be drawn from this testimony it would naturally prejudice the defendant's case, and it could in no manner prejudice the plaintiff's case. There could be no misunderstanding in the minds of the jurors which party the court was criticising.

It follows therefore, that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., SCOTT, SMITH and PAGE, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.