LOUISA FEIL and THERESA FEIL, Appellants, *v.* CHARLES P. FEIL and Others, Respondents.

### Third Department, May 14, 1920.

Real property — life tenant and remainderman — mortgage by remainderman in violation of rights of life tenant — sufficiency of complaint in suit to declare property subject to life tenancy — duty of remainderman to protect life estate — complaint to be construed liberally on demurrer.

Complaint in a suit to reform a referee's deed made in foreclosure proceedings and for relief decreeing that the plaintiffs' life estate was superior to a subsequent mortgage given by the purchaser at the foreclosure sale, examined, and *held*, to state facts sufficient to entitle the plaintiffs to a judgment that the property is subject to the plaintiffs' life estate.

It is the duty of a remainderman, who has given a mortgage on the property in violation of an oral agreement that the deed to him should be subject to a life estate, to pay the interest on the mortgage and to preserve the life estate from suffering by it.

Upon a demurrer a complaint need not be a model, and when it is challenged for insufficiency it is to be liberally construed and the pleader is to be deemed to have alleged not only the facts set forth but those also to be implied therefrom by reasonable and fair intendment.

A remainderman mortgagor cannot by causing the mortgage to be foreclosed and buying in the property free it from the life estate.

WOODWARD and KILEY, JJ., dissent, with opinion.

APPEAL by the plaintiffs, Louisa Feil and another, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Albany on the 25th day of October, 1919, upon an order made at the Albany Special Term and entered in said clerk's office on the 25th day of October, 1919, sustaining the defendants' demurrer and dismissing the complaint, and also from the order upon which the said judgment was entered.

This is a suit in equity to reform a referee's deed made in foreclosure proceedings and for relief that the plaintiffs' life estate was superior to a subsequent mortgage given by the purchaser on the foreclosure. It appeared that the plaintiffs sold the property in question under an agreement that they were to have a life estate in a portion thereof, that said life estate was not reserved in the deed, that thereafter a mortgage

was executed by the purchaser to one of the defendants herein, and in a proceeding instituted to reform the deed it was reformed so as to show that a life estate had been reserved, but it was decreed that the reformation was subject to the mortgage given by the purchaser. Thereafter the mortgagor conspiring with the mortgagee, and for the purpose of defeating the plaintiffs' life estate, defaulted, and the mortgage was foreclosed, and on the sale under such foreclosure proceedings the mortgagor purchased the property but caused the deed to be made to his wife, and she then executed a mortgage to the original mortgagee, one of the defendants, without reference to the life estate of the plaintiffs.

*Henry J. Crawford*, for the appellants.

*Andrew G. Seelman* [*Daniel J. Dugan* of counsel], for the respondents.

JOHN M. KELLOGG, P. J.:

Charles P. Feil gave the original mortgages in violation of the plaintiffs' rights and, after the judgment reforming the deed by establishing the plaintiffs' life estate in the property, it was his legal duty to pay the interest on the mortgage and to preserve the life estate from suffering by it. The defendant Bennink and Feil's wife were parties to the action for reformation and knew the facts. The complaint shows that in order to defeat the judgment and to deprive the plaintiffs of their life estate, the three defendants conspired together to foreclose the mortgage, purchase the property by the defendant Feil, he to take the deed in his wife's name.

Upon demurrer a complaint need not be a model. " It is the general rule, however, that a complaint when challenged for insufficiency is to be liberally construed and that the pleader is to be deemed to have alleged not only the facts set forth but those also to be implied therefrom by reasonable and fair intendment." (*Peterson* v. *Eighmie*, 175 App. Div. 113, 115; *Ellsworth* v. *Agricultural Society*, 99 id. 119.)

The defendant who owed the debt and was charged with the duty of paying it and protecting the plaintiffs, caused the mortgage to be forcelosed for the purpose of defrauding the life tenants and defeating the judgment of reformation.

The mortgage could not have been foreclosed without his default, and the default must be deemed to have been made intentionally, fraudulently and unlawfully. It is a mistake to say that he was doing no wrong. He was using the other defendants as his instruments, to their knowledge, to bring about an unjust result. When he caused the mortgage to be foreclosed and purchased the property for himself, he had not made any real progress, for the law would treat the property as still subject to the life estate. He could not by his voluntary act bring about the foreclosure and buy in the property freed from the life estate. The taking of the deed in his wife's name and mortgaging it to Bennink did not aid him, as they knew the facts and stand in his shoes.

Plaintiffs are not questioning the foreclosure proceedings other than the fact that Feil, after he bid in the property, caused it to be deeded to his wife for him and to be mortgaged to Bennink.

The allegation of conspiracy perhaps is not very material; the gravaman of the charge is that the remainderman, the person who gave and who solely was obliged to pay the mortgage and protect the life estate, unlawfully and fraudulently made default and caused it to be foreclosed and bid in the property himself for the sole purpose of defrauding the plaintiffs and evading the judgment of the court. In carrying out the fraudulent purpose, he deeded it to his wife and mortgaged it to Bennink, both of whom knew the facts. The real relief sought by the plaintiffs is not to destroy the foreclosure, but to impress upon the property the life estate.

I favor a reversal, with costs, and the direction of a judgment that the property is subject to the plaintiffs' life estate, with costs, with the privilege to the defendants upon the payment of the costs to withdraw the demurrer and answer within twenty days.

All concur, except WOODWARD, J., dissenting with an opinion, in which KILEY, J., concurs.

WOODWARD, J. (dissenting):

It seems to me entirely plain that when the plaintiffs secured a judgment correcting the deed, so as to provide for the life

lease of the second story and yard, and consented that this should be subject to the mortgage of Bennink, there was a final adjudication that the mortgages were valid liens upon the entire premises. It is conceded that all the matters were strictly legal, and it seems to me that if any of the equities are to be adjusted in reference to the mortgages this should be done by reopening the decree in which the deed was reformed, by means of a supplemental bill (*Rudiger* v. *Coleman*, 228 N. Y. 225, 231, 233, 234) and not by any short-cut method of adjusting that controversy in the present action. The question here arises upon a motion for judgment on the pleadings, and I am clearly of the opinion that the complaint does not justify the relief demanded. If the mortgages were good, and all the parties were concededly before the court, I see no reason why the foreclosure was not entirely lawful and equitable. Of course, if Feil committed fraud in giving the mortgages the plaintiffs were entitled to have the deed reformed without the the reservation of the rights of the mortgagee — assuming him to have been a party to the fraud. This is not contended. It is admitted that this was a proper decree, but it is proposed now to make Feil a trustee. It is sufficient, I think, for this case that this is not the theory of the complaint. The relief demanded is that the life estate is " superior to the mortgage made and executed by the defendant Amelia G. Feil to the defendant Bennink," etc. This is, in effect, to nullify the judgment of the court in granting the relief in the action for the reformation of the deed, and this judgment was conditioned upon the recognition of the rights of Bennink in the mortgages. It is true these were different mortgages, but if they were valid mortgages then the subsequent foreclosure and sale, by which the title vested in Amelia G. Feil, was entirely proper, and there can be no justification for making Charles P. Feil a trustee for the benefit of the life tenants under the allegations of this complaint. It is still necessary that the judgment shall be *secundum allegata et probata*. (*McNeil* v. *Cobb*, 186 App. Div. 177, 181, 182, and authorities there cited.) The place to litigate the validity of the Bennink mortgages was in the action for the reformation of the deed, or in the action for foreclosure of the mortgages. The action to reform was in equity; the relief was granted upon condition that it should

recognize the validity of the Bennink mortgages, and if those mortgages were regular and valid there can be no foundation for the present litigation.    I think the determination is right.

KILEY, J., concurs.

Judgment and order reversed, with costs, and judgment directed for the plaintiffs as per opinion, with costs.