DANIEL TRUPIN, an Infant, by HARRY TRUPIN, His Guardian ad Litem, Appellant, *v.* NEW YORK CITY INTERBOROUGH RAILWAY COMPANY, Respondent.

HARRY TRUPIN, Appellant, *v.* NEW YORK CITY INTERBOROUGH RAILWAY COMPANY, Respondent.

First Department, February 3, 1933.

*Harry Lesser* of counsel [*Benjamin H. Fried* with him on the brief; *Lesser & Lesser*, attorneys], for the appellants.

*Alfred T. Davison* of counsel [*John J. O'Connell* and *Addison B. Scoville* with him on the brief; *Alfred T. Davison*, attorney], for the respondent.

PER CURIAM. We are of opinion that a fair trial of plaintiffs' case was not accorded. The trial justice charged their counsel in the jury's presence with bad faith in the cross-examination of a witness, and when counsel protested that he was acting in good faith, replied: " Now, that is what you say. I do not believe you." Remarks and statements by the court reflecting on the good faith of counsel have been held to constitute error. ( *Kleinert* v. *Federal Brewing Co.*, 107 App. Div. 485; *Peterson* v. *Eighmie*, 175 id. 113.) In addition the jury were told in the charge that in the experience of the trial justice only about fifty per cent of cases brought by plaintiffs to recover damages for personal injuries were meritorious and that juries' verdicts in such cases were as a rule equally divided between plaintiffs and defendants. Immediately after making this statement defendant's counsel was asked by the trial justice if his experience in this respect did not coincide with that of the trial justice. In reply defendant's counsel stated that it did.

Of the other alleged prejudicial matters urged we find but one which requires consideration. The trial justice unnecessarily and unduly laid emphasis upon the amount for which the plaintiffs sought recovery with the result that the jury may well have gained the impression that the plaintiffs' claim was excessive.

While it is true that generally speaking the jury were told that they should decide the case uninfluenced by any impression they

might have gained with respect to the court's opinion of the merits of the litigation, we are of opinion that this did not cure the prejudicial errors to which attention has already been directed.

It follows that the judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

Present — FINCH, P. J., MERRELL, O'MALLEY, SHERMAN and TOWNLEY, JJ.

Judgment reversed and a new trial ordered, with costs to appellants to abide the event.