## Allen and others *vs.* McCrasson

Where, upon a motion to vacate an order of arrest, the affidavit of the plaintiff is read, which positively and unequivocally alleges the making of certain false representations by the defendant, at the time of purchasing goods of the plaintiff; and this is met by the affidavit of the defendant, wherein he positively denies making such false representations, the defendant's affidavit should be considered as neutralizing that of the plaintiff upon that point; leaving the plaintiff to make out his case of fraudulent representations by other or further proofs or circumstances.

The question, upon motions to vacate orders of arrest, is whether upon the whole case as made by the affidavits on both sides, the court would, if called upon to act on the application as *res nova*, grant the order of arrest.

APPEAL from an order made at a special term, denying the defendant's motion to vacate an order of arrest.

*John C. Dimmick* for the appellant.

*J. R. Marvin* for the respondents.

Allen *v.* McCrasson.

*By the Court,* SUTHERLAND, J. I cannot approve the principle announced by the learned justice at special term as the principle upon which he denied the motion to vacate the order of arrest in this case. The affidavit of one of the plaintiffs positively and unequivocally alleged the making of certain false representations at the time the goods were bought. The affidavit of the defendant as positively and unequivocally denied making such false representations. The principle announced by the learned justice, and upon which he appears to have denied the motion, was, that in such case the affidavit of the defendant was not sufficient to vacate the order of arrest; that it required something more than the defendant's affidavit to vacate the order of arrest—something to turn the scale.

Fraud is a crime. Imprisonment for debt is abolished. When a man is arrested for fraudulently contracting a debt, he is arrested for the fraud, and not for the debt. The provisional remedy of arrest is given for the collection of the debt; but the provisional remedy *is to punish the debtor for his fraud by imprisonment, until he pays the debt.* If this is so, every principle of justice, and all the analogies of the common law, require that in this case on the point, whether the defendant made the fraudulent representations, his affidavit should be considered as neutralizing the plaintiff's affidavit, leaving the plaintiffs to make out their case of alleged fraudulent representations by other or further proofs or circumstances.

I think the true principle which should control the disposition of these motions to vacate orders of arrest is stated in *Chapin* v. *Seeley,* (13 *Howard,* 490,) and in *Union Bank* v. *Mott,* (6 *Abbott,* 315,) which is substantially, that the question is upon the whole case as made by the affidavits on both sides; would the court, if called upon to act upon the application as *res nova,* grant the order?

Again, the alleged fraudulent representations for which the defendant was arrested were merely as to what he was worth.

The allegations are, that when the first bill of goods was bought, the defendant said he was worth $20,000 ; when the second bill was bought, that he was worth $15,000. Assuming that the defendant made those representations, did he make them from a mistaken opinion as to what he was worth ; or did he know at the time that he was insolvent ; and did he, knowing this, make them with intent to defraud the plaintiffs ?

In my opinion, the circumstances alleged in the affidavits upon which the order of arrest was granted, are very slight to show the fraudulent intent ; and these circumstances, slight as they are, are satisfactorily explained by the affidavits on which the motion to vacate the order of arrest was made.

The order of the special term should be reversed, with ten dollars costs.

[NEW YORK GENERAL TERM, November 5, 1860. *Sutherland, Hogeboom* and *Bonney,* Justices.]