(21 App. Div. 510.)

MOONEY v. LA FOLLETTE.

(Supreme Court, Appellate Division, First Department. November 5, 1897.)

ARREST—FRAUD.

Where one agrees to deliver first mortgage bonds at a future date, and thereafter delivers second mortgage bonds, concealing their subordinate character, and representing them to be first mortgage bonds, and receives part payment, the fraud involved attaches not to the original agreement, but to the subsequent acts, and, in an action on the contract to recover damages for the breach, an order of arrest, based on the ground of fraud in contracting the liability under the contract, is improperly granted.

Appeal from special term.

Action by Harry E. Mooney against Harvey M. La Follette. From an order denying a motion by defendant to vacate an order of arrest, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Frederic R. Kellogg, for appellant.

Wm. Pierrepont Williams, for respondent.

WILLIAMS, J. The motion was made upon the papers alone upon which the order was granted. The action was brought to recover damages for the breach of two contracts, and the ground of arrest was that the defendant was guilty of fraud in contracting or incurring the liability The sheriff was, by the order, required to hold the defendant to bail in the sum of $10,000. One of the contracts alleged in the complaint was that defendant, on or about the 29th day of December, 1895, agreed to sell and deliver to the plaintiff 62 first mortgage bonds, each of the par value of $500, of a series of 200 bonds, issued by the Connolsville Gas & Electric Company, at the agreed price of $24,800, payable $10,000 in cash and $14,800 in real estate. And it was alleged that the plaintiff thereafter paid the $10,000 in cash, but had not transferred the real estate, for the reason that it was subsequently agreed that the real estate should be retained by the plaintiff as collateral security for moneys advanced, which had not been repaid, in whole or in part; that the defendant, on or about April 13, 1896, delivered to the plaintiff 62 bonds of the kind stipulated for in the contract, except that they were second, instead of first, mortgage bonds, and had in no other way performed the contract, though frequently requested to do so; that the bonds so delivered had nothing thereon to indicate that they were second mortgage bonds, and the plaintiff was induced to accept the same, and pay the $10,000, by statements made to him by the defendant to the effect that they were first mortgage bonds, which plaintiff relied on and believed; that plaintiff ascertained that the bonds delivered were second and subordinate to another series of first mortgage bonds, amounting to $20,000, which were outstanding and uncanceled; that the defendant warranted and agreed that the bonds so delivered to plaintiff should be first mortgage bonds; that the bonds delivered were worth but $21,700, and, if they were first mortgage bonds, they would be worth $31,000; and

the plaintiff claimed to recover the difference of $9,300, and interest from delivery of the bonds, April 13, 1896. And it was alleged that on incurring this liability the defendant was guilty of fraud in warranting and agreeing the bonds delivered to be first mortgage bonds, he knowing that they were second mortgage bonds, and suppressing and concealing the fact from the plaintiff, and inducing the plaintiff to pay $10,000 by the statements relied on and believed by plaintiff, but which were untrue, and known to defendant to be untrue, and made with intent to induce the acceptance of the bonds and payment of the money. The other contract alleged in the complaint was for the sale and delivery of another lot of bonds of the same kind as the 62 bonds, to be delivered at different times, aggregating 60 in number, at the agreed price, in all, of $21,750; and payment was alleged upon this contract of $9,783.12 in April, 1896. Similar allegations were made as to this contract as were made as to the other, except that the defendant had delivered but 22 of the bonds, that the whole were worth but $21,000, and, if they were first mortgage bonds, they would be worth $30,000; and the plaintiff claimed the sum of $18,033.12, being the difference between what the whole lot of bonds would have been worth if first mortgage bonds—$30,000—and the amount unpaid on the contract—$11,966.88. A recovery was sought upon both causes of action for the sum of $27,333.12, besides interest, being for the sum total of the two amounts $9,300 and $18,033.12. The allegations of the complaint were supported upon the application for the order of arrest by the affidavits of the plaintiff and another witness. The result of these allegations was that plaintiff had paid to defendant, under these contracts, in cash $10,000 and $9,783.12, in all $19,783.12; and had received from him bonds worth $21,700 and $7,700, in all $29,400; the plaintiff thus receiving $9,616.88 more than he paid out. The condition of things showed, therefore, that the plaintiff had made a profit in the transaction of $9,616.88, if his bonds were taken at their real value. He claimed, however, that he was entitled to bonds worth $18,300 more than their real value, and, deducting profit above, $9,616.88, from this amount, would leave his actual loss $8,683.12; and yet he sought to recover $27,033.12. It seems to us, however, that the fraud alleged and shown by the affidavits was not one committed in making the contracts, but in the so-called ostensible performance of them. The contracts to sell and deliver first mortgage bonds were merely executory. There could not be said to be any fraud in making the contracts themselves. Defendant could only perform the contracts by delivering the bonds described therein. If he failed to deliver such bonds, there would be breaches of the contracts. The plaintiff was not obliged to accept any other bonds, or to pay the contract price, and the damages would result from the breaches, and not from any fraud in making the contract, and they would be the difference between the contract price and the actual value of the bonds agreed to be delivered. The fraud really consisted in the defendant's delivering second mortgage bonds instead of first mortgage bonds, and concealing from plaintiff the fact that they were second mortgage bonds, representing them to be first

mortgage bonds; and the damages occasioned by the fraud extended only to the money actually received by the defendant from the plaintiff less the actual value of the bonds received and retained by the plaintiff. Under the first contract only $10,000 in money was received from plaintiff, while the value of the bonds received was $21,700. The fraud in this transaction did, therefore, no damage to the plaintiff. Under the second contract, $9,783.12 in money was received from the plaintiff, and the value of the bonds received was $7,700; so that the fraud in this transaction was a damage to the plaintiff of $2,083.12 only.

The plaintiff had no occasion to sue defendant under the first contract. Whenever the defendant attempted to recover the real estate from the plaintiff, or the value thereof, $14,800, plaintiff could allege the fraud and breach of the contract by defendant, and offset or recoup his damages. As to the second contract, the plaintiff could sue defendant for the damages resulting from the delivery of the 22 bonds, and damages for breach of the contract in not delivering the bonds described in the contract. The present action is not, however, brought to recover damages occasioned by defendant's fraud. It is purely an action upon the contract to recover damages for the breach thereof, and the order of arrest was granted upon the distinct ground that the defendant was guilty of fraud in contracting or incurring his liability under the contract. There was, as we have seen, no fraud in contracting or incurring such liability, —that is, for breach of the contracts,—and therefore the order of arrest was improperly granted. This was not the case of an executed contract, where the bonds were sold and delivered at the time, and there was fraud and misrepresentation as to the nature of the bonds so sold and delivered. In such case it might be said there was fraud in contracting or incurring the liability, and such fraud could be made the basis of an order of arrest. Here the contracts were executory. The defendant promised to deliver bonds of a certain description at a future time, and the mere promise to do this in the future, even if the intention was to deliver other bonds, would not constitute such fraud as to vitiate the contracts. The contracts would be valid, and could only be performed by delivering the bonds described therein. The bonds here were delivered in the future, but they were not such as were agreed to be delivered, and hence there were breaches of the contracts. The alleged performance of the contracts could be avoided by proof of the fraud, but the fraud did not vitiate the contracts themselves.

Other questions are raised on this appeal, but it is unnecessary to consider them, in view of the conclusion reached by us as to the questions already considered.

The order appealed from should be reversed, with $10 costs and disbursements to the appellant, and the motion to vacate the order of arrest be granted, with $10 costs.

VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ., concur. PATTERSON, J., concurs in result.