WILLIAM SKINNER MFG. CO. v. FAGENSON et al.

(City Court of New York, General Term. December, 1901.)

ORDER OF ARREST—AUTHORITY TO VACATE.

> Under Code Civ. Proc. § 568, authorizing the vacation on the original papers of orders of arrest, and providing that the application therefor, if the order of arrest were granted by a judge out of court, must be made to the same judge in court or out of court, with or without notice, a judge sitting at special term cannot grant an application, based on the original papers, for the vacation of an order of arrest made out of court by another judge, but the order of arrest can only be vacated by the judge making the order.

Appeal from special term.

Action by the William Skinner Manufacturing Company against David J. Fagenson and others. From an order vacating an order for the arrest of defendant on the original papers, the plaintiff appeals. Reversed.

Argued before FITZSIMONS, C. J., and DELEHANTY and SCHUCHMAN, JJ.

Austin B. Fletcher (Joseph M. Lesser, of counsel), for appellant.
Goldfogle, Cohn & Lind (Charles L. Cohn, of counsel), for respondents.

DELEHANTY, J. The order of arrest herein was made by a judge out of court, and was vacated by another judge sitting at special term. The appellant claims as a ground for reversal that the order of vacatur was made in violation of section 568 of the Code of Civil Procedure. There is no doubt that that section governs the application in question, and the jurisdiction and authority of the court to entertain the motion or make the order appealed from is to be determined thereby. That section, in so far as it is material to an adjudication of this question, provides as follows:

"An application specified in the last section, may be founded only upon the papers upon which the order was granted; in which case, it must be made to the court, or, if the order was granted by a judge out of court, to the same judge, in court or out of court, and with or without notice, as he deems proper; and the application must be heard upon those papers only."

The wording of the statute, "if the order was granted by a judge out of court" the application to vacate the same on the original papers must be made "to the same judge, in court or out of court, and with or without notice, as he deems proper," seems clear and unambiguous; and, were it not for the fact that the exact meaning thereof is now in dispute, and has never been passed upon directly, so far as we have been able to discover, we would, without further words, give to it the interpretation contended for by the appellant.

The respondents, however, contend that the case of Sutton v. Sabey, 22 Hun, 557, is an authority for the action of the court herein at special term. A careful reading of that case reveals the fact that there the motion to vacate the order of arrest was made upon additional papers, and it is therefore not in point. Only one other case involving the meaning of the language quoted can be found, and that is Malting Co. v. Lawrence, 60 Hun, 137, 14 N. Y. Supp. 540,—a First department, general term, authority. That was an appeal to vacate an order of arrest on additional papers, and the language of Mr. Justice Daniels, delivering the opinion of the court therein, seems to recognize the distinction contended for by the appellant. At page 137, 60 Hun, and page 543, 14 N. Y. Supp., he says:

"The order of arrest was made by Mr. Justice Kennedy, and that entitled the defendants to move before him as such justice, without notice, and also with notice to the plaintiffs to vacate it. Code Civ. Proc. § 568. * * * The section just referred to did not provide for the making of that motion at a special term held in his own district, or by Justice Kennedy. It authorized him, at a special term held by himself, to hear and decide an application to vacate the order on the papers on which it was granted. That could be made either with or without notice. But, when made in either mode, the application was to be heard only on the papers on which the order was founded. When the application proceeded upon proof by affidavit on the part of the defendants, then this section has authorized it to be made to the court itself, or to any judge of the court."

In the absence of any direct authority upon the point in question, we decide that if an order of arrest is made, as here, by a judge out of court, the motion to vacate the same upon the papers upon which it was granted must be made to the same judge who granted it, in court or out of court, and with or without notice, as he may see fit. Having reached this conclusion, it is unnecessary to discuss the other points raised, and, for the reasons stated, the order vacating the order of arrest is reversed, with costs.

Order reversed, with costs. All concur.