the said answer affirmatively shows that part of the so-called arrangement was that such sublease should be without prejudice to plaintiff's rights and remedies under defendant's lease, and that the plaintiff refused the defendant's request for a release from the contract of lease.   The said answer, taken for all it is worth, shows no surrender of the demised premises in law or in fact, nor a consideration to the plaintiff for the so-called arrangement, and contains nothing from which a surrender or consideration can be implied.   From this bare statement the frivolousness of the amended answer is clearly apparent without argument, and consequently the learned general term erred in disturbing the judgment and order of the special term. The mere fact that the said answer commingles evidence with facts and conclusions, and is so lengthy that it requires quite an effort to read it for the purpose of ascertaining and stating what it does and does not contain, constitutes no reason for denying to the plaintiff the relief to which he is clearly entitled, and which he had obtained at special term.   The order of the general term of the city court should, on plaintiff's appeal, be wholly reversed, and the judgment and order of the special term affirmed, with costs; and in view of the conclusion thus reached defendant's appeal from part of said general term order should be dismissed, without costs.

Order reversed on plaintiff's appeal, and judgment and order of special term affirmed, with costs.   Defendant's appeal from part of said order dismissed, without costs.   All concur.

---

(38 Misc. Rep. 121.)

### WILLIAM SKINNER MFG. CO. v. FAGENSON et al.

(Supreme Court, Appellate Term.   May, 1902.)

1. ORDER OF ARREST—MOTION TO VACATE.

An order to vacate an order of arrest on the papers on which it is granted, in an action triable in the First judicial district, may be made before a judge in that district other than the one who granted the order.

2. SAME—NOTICE.

Under Code Civ. Proc. §§ 568, 769, an application to vacate an order of arrest, founded only on the papers on which the order is granted, when made to the court must be made on notice, but when made to the judge who granted the order may be on or without notice as the judge may deem proper.

Appeal from city court of New York, general term.

Action by the William Skinner Manufacturing Company against David J. Fagenson and others.   From an order of the general term (74 N. Y. Supp. 935) reversing an order of the special term, defendants appeal.   Reversed.

Argued before FREEDMAN, P. J., and TRUAX and GILDERSLEEVE, JJ.

Goldfogle, Cohn & Lind (Henry M. Goldfogle, of counsel), for appellants.

A. B. Fletcher (Joseph M. Lesser, of counsel), for respondent.

TRUAX, J.   To hold that a motion to vacate an order of arrest upon the papers upon which it was granted can be made only to the justice who granted it would, in many instances, lead to a miscarriage of justice.   A justice of the supreme court outside of the First judicial district may, and it often happens that he does, grant an order of arrest in an action pending in this district.   By section 769 of the Code of Civil Procedure, a motion in an action triable in the First judicial district must be made in that district, but if the motion can be made only before the justice who granted the order of arrest in the First district it would often happen that the person against whom the order of arrest had been issued would be unable to have the order vacated on the papers on which it was granted; and moreover every court of record has the inherent power to vacate its own orders, judgments, and proceedings in order to prevent a perversion of justice or to frustrate oppression.   Levy v. Loeb, 5 Abb. N. C. 157; Dietz v. Field (Sup.) 41 N. Y. Supp. 1087.

Section 568 of the Code of Civil Procedure, read in connection with section 769, means that an application to vacate an order of arrest, founded only upon the papers upon which the order was granted, when made to the court must be made upon notice, but when made to the judge who granted the order of arrest it may be made upon notice or without notice as that judge deems proper.   This procedure has obtained for years in cases of arrest, injunction (Code Civ. Proc. § 626), and attachment (Id. § 682).   An examination of the papers on which the order of arrest was granted shows that the justice who vacated the order of arrest was right in so doing.   The order of the general term of the city court is reversed, and the order made at the special term of the city court vacating the order of arrest is affirmed, with costs.

Order of general term reversed, and order of special term affirmed, with costs.   All concur.