(92 Misc. Rep. 232)

PUSTET et al. v. TWARDOWSKI.

(Supreme Court, Appellate Term, First Department. November 10, 1915.)

1. ARREST ⬤➞48—CIVIL PROCESS—DISCHARGE—GROUNDS.

Where defendant was duly arrested on civil process, the fact that his arrest is a hardship to his family should not weigh on the question of his discharge; the only grounds therefor being those enumerated in Code Civ. Proc. § 572.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 112–114; Dec. Dig. ⬤➞48.]

2. ARREST ⬤➞48—CIVIL PROCESS—GROUNDS FOR DISCHARGE—DELAY IN ENTERING JUDGMENT.

Where defendant, under arrest on civil process, wrote a letter in "reply" to the complaint, it was properly treated as an answer, though unverified, and made ground for deferring judgment by default, and the basis of a motion for judgment on the pleadings, so as to prevent defendant's discharge for delay in entering judgment.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 112–114; Dec. Dig. ⬤➞48.]

Appeal from City Court of New York, Special Term.

Action by Ludwig Pustet and another against Francis Twardowski, in which defendant was arrested. Defendant discharged, and plaintiffs appeal. Reversed.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

William G. Phlippeau, of New York City, for appellants.

Maurice B. & Daniel W. Blumenthal, of New York City, for respondent.

LEHMAN, J. On July 2, 1915, the plaintiffs obtained an order of arrest against the defendant. On September 23, 1914, an order was made discharging the defendant from arrest. In ordering the discharge the learned trial justice rendered an opinion in which he stated:

"There is no question that the plaintiffs herein on the 2d day of July, 1915, were entitled and justified in obtaining the order of arrest. There is likewise no doubt that the discharge of this defendant is based upon a highly technical ground, and is intended in nowise to reflect upon the conduct of the plaintiffs and their attorney. The court, however, is free to confess that this power is exercised with much personal satisfaction."

[1] The grounds of the court's personal satisfaction is that the innocent family of the defendant has suffered by his imprisonment and that his imprisonment can serve no useful purpose. Obviously, if the plaintiffs, as is conceded, were entitled to their order of arrest, no hardship incidental to the execution of the order, and no opinion of the court as to the wisdom or lack of wisdom of the Legislature in providing for such orders, can be regarded as any ground for discharging the defendant. The Legislature has provided for arrest in civil actions in certain cases, and by section 572 of the Code has provided the grounds upon which the court must, in a proper case, order the defendant's discharge,

⬤➞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and unless one of these grounds exists in this case the court has absolutely no power to discharge the defendant.

[2] It appears in this case that the complaint and order of arrest were served on the defendant on July 3d. The complaint charges the embezzlement and fraudulent conversion of funds received by an agent in a fiduciary capacity. Thereafter the defendant addressed a letter to the justice who granted the order. This letter begins with the words:

"Being poor, and not able to employ a lawyer, also not being able to appear in person in court, I am compelled to reply to the complaint of L. Pustet & Co., 52 Barclay St., New York City, by mail."

Then follows a long statement of defendant's version of the transactions covered by the complaint. In some manner the plaintiffs' attorney received this letter by mail, and on July 13, 1915, he obtained an order:

"That the within letter, referred to in said affidavit, and designated as an answer herein, be filed in the office of the clerk of this court."

On July 20th the plaintiffs' attorney served the defendant with a formal notice of motion, returnable on the 26th, for judgment on the pleadings. He supplemented this notice with a letter to defendant on July 24th, in which he wrote:

"As you have no lawyer to advise you, I venture to suggest that you make arrangement to appear in court at the appointed time 'and place, where an opportunity will be afforded to you by the judge to be heard in opposition to the plaintiffs' application."

On July 26th this motion was granted on default. On August 3d a writ of inquiry was obtained, directed to the sheriff's jury. On August 9th, the first day thereafter on which the sheriff's jury met, the plaintiffs' main witness was out of the jurisdiction. On August 16th the inquisition on the writ was taken and returned, and judgment was entered on the same day.

From this chronology I think it plainly appears that the plaintiffs have not in' any way delayed in the enforcement of their rights or in the entry of judgment, if they had a right to consider the letter of the defendant as an "answer." If this letter was no answer, then the defendant was in default on July 14th, and the plaintiffs could have entered a judgment upon this default more than 10 days before August 16th. In that event, and in that event only, would the defendant be entitled to his discharge under section 572 of the Code.

The learned trial justice held that this letter constituted no answer, because it. was unverified. It is unnecessary now to consider whether, if a verification were necessary and the plaintiffs chose to waive this requirement, they would in any event have lost any rights under the order of arrest; for in this case no verification could be required. The complaint here clearly charged a crime, and the defendant had therefore a right to rely on his constitutional privilege and refuse to verify his answer. See Kellogg v. Match Supply Co., 165 App. Div. 885, 151 N. Y. Supp. 361; Thompson v. McLaughlin, 138 App. Div. 711, 123 N. Y. Supp. 762.

The plaintiffs could, therefore, not refuse to accept the answer on this ground. The respondent, however, urges that, even aside from

this defect, the letter was not an answer, and was not intended as an answer. Technically it was certainly not a valid answer. This is conclusively shown by the order for judgment on the pleadings. It shows, however, on its face, that it was a "reply to the complaint," addressed to the court, and intended by a defendant, ignorant of the law, to meet and defeat the complaint.

Under these circumstances, the plaintiffs were certainly not bound to disregard it. They took exactly the proper course, and treated it as an answer, and gave the defendant an opportunity to appear in court, so that he might learn that his answer was defective and obtain the right to file a new answer. The defendant was therefore not actually in default on July 14th, and the plaintiffs could enter no judgment upon default.

Order is therefore reversed, with $10 costs and disbursements, and motion to discharge defendant is denied. All concur.