JOHN A. C. PETERSON, Respondent, v. HUGH LEE KIRBY, Appellant.

First Department, July 2, 1920.

**Arrest — action for fraudulent representations relative to syndicate — failure to show legal damage entitling plaintiff to order of arrest.**

In an action based upon alleged fraudulent representations by the defendant relative to a syndicate in which he was interested, *held*, that neither the complaint nor the affidavits show legal damage to the plaintiff with such a degree of certainty as to authorize the granting of an order of arrest.

The provisional remedy for an order of arrest is a stringent one which should be granted only upon clear proof that the plaintiff has suffered legal damage by reason of the defendant's false representations.

APPEAL by the defendant, Hugh Lee Kirby, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of January, 1920, as resettled by an order entered on the 11th day of March, 1920, denying the defendant's motion to vacate an order of arrest.

*Charles Weishaupt*, for the appellant.

No appearance for the respondent.

SMITH, J.:

The order of arrest was granted upon allegations of fraud, in the making of representations relative to a West Virginia syndicate in which the defendant was interested. The defendant concedes in the argument that sufficient is stated in the pleadings and in the affidavits to show *prima facie* fraudulent representations upon his part. The only defense which he urges as a ground for this motion is that the plaintiff has not shown that he has been damaged by this fraud.

Upon the question of damage the plaintiff claims to have been damaged in the sum of $15,000. Most, if not all of the damages, however, as claimed by the plaintiff, are shown to have been damages for which the plaintiff has no right of

recovery, even upon the assumption that fraudulent representations were made. A large part of the damage claimed is for obligations which the plaintiff has assumed by guaranteeing repayment to other parties who had invested in .this syndicate represented by the defendant. It is not claimed that any amount has been paid upon these guarantees, and until such payment the plaintiff has not been harmed and can recover nothing of the defendant by reason of the mere assumption of these liabilities. A large part of the plaintiff's claim seems to be for loss of commissions upon the sale of this stock to other parties made by the plaintiff's uncle who, defendant claims, was acting for the plaintiff. Another substantial part of the damage is for moneys loaned by the plaintiff to his uncle to be invested with the defendant or loaned to him by his uncle upon the representation that the defendant had a substantial and profitable interest in this West Virginia syndicate. This uncle occupies offices with the defendant Kirby and the indications are strong that the transactions were with this uncle, rather than with the plaintiff, and that if any cause of action exists, it exists in behalf of his uncle rather than in behalf of the plaintiff.

I am unable to find any proof of any moneys paid to the defendant for the purchase of stock by the plaintiff in reliance upon representations claimed by the plaintiff to have been fraudulently made by the defendant. This provisional remedy is a stringent one which should be granted only upon clear proof that· the plaintiff has suffered legal damage by reason of the defendant's false representations.

In my judgment neither the complaint nor the affidavits show such damage with such a degree of certainty as should properly authorize the granting of this provisional remedy. The order denying the motion to vacate the order of arrest should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.