ToDD-BUICK, INC., Plaintiff, *v.* G. E. SMITH, Defendant,

Supreme Court, Essex Special Term, February, 1922.

Negligence — automobile damaged in collision — attachment of car driven by defendant — order cf arrest under Civil Practice Act, § 826, vacated upon defendant giving security to pay any judgment recovered — affidavit to obtain attachment stated a cause of action.

In a Supreme Court action, in which only the summons had been served, to recover damages to plaintiff's automobile by reason of a collision with a car driven by defendant, the defendant was arrested upon an order of arrest granted under section 826 of the Civil Practice Act upon affidavits setting forth plaintiff's cause of action. At the same time the car was attached by virtue of a warrant

of attachment. Upon motion to vacate the order of arrest, the defendant being out on bail, plaintiff conceded that his remedy by attachment was sufficient to protect him, provided defendant was the owner of the car. *Held,* that upon defendant giving satisfactory security in a sum not exceeding $500 for the payment of any judgment which the plaintiff might recover, the motion will be granted and defendant's bail exonerated, otherwise the motion will be denied.

The point that the motion to vacate being based upon the original moving papers should have been made returnable before the county judge who signed the order of arrest, out of court, is not well taken.

The facts stated in the affidavit of the driver of plaintiff's car at the time of the accident, upon which both the order of arrest and the warrant of attachment were granted, held sufficient to constitute a cause of action.

MOTION to vacate order of arrest.

*Ernest C. Gordon (B. Loyal O'Connell,* of counsel), for plaintiff.

*John E. Judge (Harry P. Kehoe,* of counsel), for defendant.

ANGELL, J. This is a motion to vacate an order of arrest obtained upon affidavits after summons was issued. The motion is made upon the original papers which set forth that plaintiff's property, an automobile, was damaged on account of the wrongful act of defendant. The order of arrest was signed by the county judge of Clinton county out of court.

The action is the outgrowth of an automobile accident which happened north of Plattsburg on the state highway. The car driven by defendant collided with one being driven by one of plaintiff's employees. Plaintiff claims that its automobile was damaged to the extent of $500 through the fault of the defendant.

At the same time the order of arrest was granted plaintiff obtained a warrant of attachment against the automobile driven by defendant. Thereupon defendant was arrested and the automobile which he was driving attached. Defendant is now out on bail.

The action is one in which section 826 of the Civil Practice Act provides that a defendant may be arrested. This provisional remedy is a drastic one which should be granted only upon clear proof that plaintiff has brought himself within the provisions of the above section. *Peterson* v. *Kirby,* 192 App. Div. 707. The situation is different from what it would be if an order of arrest only had been obtained. If that remedy alone had been sought, the order should not be vacated if the moving papers establish a right of action within the meaning of the section referred to. *Valentine* v. *Gonzalez,* 190 App. Div. 490; *Pustet* v. *Twardowski,* 92 Misc. Rep. 232.

Owing to the severity of the remedy provided for by the Civil Practice Act in regard to the arrest of a defendant, the courts do not look with favor upon its pursuit, except where it is necessary to protect the interests of the plaintiff. It should not be pursued where an attachment gives complete protection. A plaintiff may,

and in the ordinary case doubtless should, be required to elect between the two remedies at the time of application therefor. Civil Practice Act, § 823; *Duncan* v. *Guest,* 2 Civ. Pro. Rep. 275.

In this case only the summons has been served. The order of arrest and order of attachment were procured upon affidavits setting forth plaintiff's cause of action. No papers on behalf of defendant have been served. Plaintiff concedes that its remedy by attachment is sufficient for its protection, provided the automobile which defendant was driving belongs to defendant. Counsel insists that plaintiff is fearful that if the order of arrest is vacated a third party will appear to claim ownership of the automobile which defendant was driving. Of course the fact that defendant had the automobile in his possession is of but the slightest probative value in establishing ownership. If defendant owns the automobile and it is free from incumbrance, or if he will give security for the payment of any judgment that may be recovered, he is entitled to have the order of arrest vacated. If he does own the automobile, he can easily establish the fact, and can obtain security.

The defendant is out on bail. The simplest and easiest way to dispose of the order of arrest is to permit defendant to give satisfactory security by bond or otherwise, not exceeding $500, for the payment of any judgment plaintiff may recover. If I recall correctly, it was stated on the argument that defendant was released on cash bail. This may be substituted, if the parties desire, as security for the judgment.

It is asserted by counsel for plaintiff that this court is without jurisdiction herein for the reason that the motion to vacate, being based upon the original moving papers, should have been made before the judge who signed the order. The Civil Practice Act, section 844, provides: " An application to vacate the order * * * may be founded only upon the papers upon which the order was granted; in which case, it must be made to the court, or if the order was granted by a judge out of court, to the same judge, in court or out of court, and with or without notice, as he deems proper."

If this were an original proposition, I should be strongly inclined to uphold plaintiff's contention, particularly in view of the Civil Practice Act, section 131, which provides: " Where such an order grants a provisional remedy, it can be vacated only in the mode specifically prescribed by law; in any other case, it may be vacated or modified, without notice, by the judge who made it, or, upon notice, by him, or by the court."

*Skinner Manufacturing Co.* v. *Fagenson,* 36 Misc. Rep. 836, a case arising in the first judicial district, was decided in accordance with plaintiff's contention. On appeal, however, the Appellate Term

reversed the decision and held by unanimous court that the section quoted did not require that a motion to vacate, made upon the papers upon which it was granted, be made before the court or judge who granted the order. *Skinner Manufacturing Co.* v. *Fagenson,* 38 Misc. Rep. 121. It was there held that such a requirement would lead in many instances to a miscarriage of justice, and that every court of record has inherent power to vacate its orders in furtherance of justice. The action of the court in that case was also based, apparently, upon the provision of former Code, section 769, now a part of rule 63 of the Rules of Civil Practice, which provides that where an action is triable in the first judicial district a motion in an action there pending must be made in that district. The decision, however, is not limited, either specifically or by necessary inference, to cases arising in the first district. The same may be said of *Jordan* v. *Harrison,* 13 Civ. Pro. Rep. 445, where Justice O'Brien at Special Term in the first district tersely stated: "I do not think the point well taken that a motion to vacate must be made returnable before the judge who granted the order." These two authorities seem to be the only ones bearing upon the precise question, and I feel constrained to follow them.

Defendant contends that the facts stated in the moving affidavit of Harold B. Stiles, who was driving plaintiff's car at the time of the accident, are not sufficient to establish a cause of action in favor of the plaintiff. This affidavit states: " That on or about the 9th day of January, 1922, while deponent the agent of the plaintiff in the exercise of due care was proceeding in an automobile belonging to the plaintiff upon the highway leading from Plattsburgh to Champlain in the County of Clinton and State of New York, said defendant so carelessly and negligently managed and operated an automobile owned and driven by him that the same was violently propelled against the automobile driven by deponent and owned by the plaintiff whereby plaintiff's said automobile was severely damaged, to wit;    *    *    *."

Though conspicuously lacking in the verbose particularity common at the present time in like actions, precisely similar allegations have been held sufficient to state a cause of action. *Hicks* v. *Serano,* 74 Misc. Rep. 274; affd., 149 App. Div. 926.

If defendant shall give satisfactory security, by bond or otherwise, in the sum of $500 for the payment of any judgment plaintiff may recover, the motion to vacate the order of arrest is granted and the bail exonerated. Otherwise the motion is denied. An order may be submitted in accordance herewith.

Judgment accordingly.