MARY A. BURNS, Respondent, v. STANLEY NEWMAN, Appellant.

First Department, November 1, 1948.

*Samuel Nirenstein* for appellant.

*Herbert Lasky* of counsel (*Sidney O. Raphael,* attorney), for respondent.

COHN, J. Defendant was taken into custody under a civil order of arrest obtained ex parte and based upon an affidavit of plaintiff and a summons and verified complaint. In her pleading, plaintiff alleged that after defendant had promised to marry her, she was induced to transfer to defendant $18,500 upon false representations made by him that the money was to be invested in a business venture.

Thereafter defendant moved at Special Term to vacate the order upon affidavits which purported to show that plaintiff had withdrawn the sum of $20,000 from a stock brokerage account owned by defendant and over which plaintiff had a power of attorney. Defendant asserted that this abstraction was without permission and that he later succeeded in obtaining from plaintiff a return of $15,500 of the $20,000 wrongfully taken by her. Apparently, plaintiff's law suit is based upon

allegedly false representations made to her to secure a return of what defendant claims are his own funds. Documentary proof submitted shows a withdrawal by plaintiff from defendant's brokerage account of the sum of $20,000. Though plaintiff contended that the $20,000 was hers by virtue of her ownership of certain securities which had been deposited in defendant's brokerage account, no proof was adduced to indicate that she had at any time been the original or rightful owner of the securities.

The Special Term in denying the motion to vacate the order of arrest stated that sharp issues were raised by the affidavits and that the court acting *res nova* would be warranted in granting the order.

Prior to the entry of final judgment, an order of arrest may be granted in the court's discretion for the protection and preservation of the rights of the plaintiff in the causes of action enumerated in section 826 of the Civil Practice Act. (*Frank* v. *Tuthill,* 241 App. Div. 720; *Reiss* v. *Levy,* 165 App. Div. 1; *Gelles* v. *Rosenbaum,* 141 Misc. 588.) Such discretion should be exercised with caution. (See Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 63, 64, 335–362; Fourteenth Annual Report of N. Y. Judicial Council, 1948, pp. 74–76.) The right to arrest in a civil action is a drastic remedy, regarded as penal in nature. Owing to the severity of the relief, the courts do not look with favor upon its pursuit, except where it is necessary to protect the interests of plaintiff. (*Hathaway* v. *Johnson,* 55 N. Y. 93; *Todd-Buick, Inc.,* v. *Smith,* 118 Misc. 102, affd. 202 App. Div. 774; 7 Carmody on New York Pleading and Practice, § 26.) This court has held, in a case involving a claim for loss of property by false representations, that because of its stringency this provisional remedy should be granted only upon clear proof that plaintiff has suffered legal damage by reason of defendant's false representations. (*Peterson* v. *Kirby,* 192 App. Div. 707.)

When a motion is made to vacate an order of arrest obtained ex parte, though the right of arrest grows out of the cause of action, it becomes the duty of the court to examine the affidavits and to dispose of the application according to the just preponderance of proof as contained in them. (*Corwin* v. *Freeland,* 6 N. Y. 560; *Levy* v. *Bernhard,* 2 App. Div. 336; 7 Carmody on New York Pleading and Practice, § 128.) Where the affidavits are directly contradictory and equally credible, the court should give defendant the benefit of the doubt and vacate the order of arrest. (*Allen* v. *McCrasson,* 32 Barb. 662.)

We are of the opinion that the facts as they appear in the affidavits herein do not establish by a just preponderance of the proof that defendant had been guilty of fraud or deceit. The documentary and other proof submitted by defendant raises a reasonable doubt as to the commission of the alleged fraudulent act. The order of arrest should therefore have been vacated.

Plaintiff's right to try out the merits of her cause of action still persists and if successful upon a trial in establishing her claim of fraud, she will be entitled to enforce the judgment by execution against the defendant's person.

The order should accordingly be reversed and defendant's motion to vacate the order of arrest should be granted.

PECK, P. J., GLENNON, VAN VOORHIS and SHIENTAG JJ. concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion granted.