Per Curiam.

The right to arrest depends upon the nature of the cause of action. The complaint fails to allege that defendant was guilty of fraud in contracting or incurring the liability and, accordingly, to support the order of arrest herein, plaintiff may not rely on subdivision 9 of section 826 of the Civil Practice Act; and on argument plaintiff’s counsel so admitted. The fraud alleged in the complaint is not in the inducement of the contract but solely in its execution.
To support the order of arrest plaintiff now relies on subdivision 5 of section 826 of the Civil Practice Act. That subdi *156 vision provides that a defendant may be arrested when the action is brought: “5. To recover damages for fraud, or deceit.” Fraud and deceit are alleged in the complaint as incidental to breaches in execution of the contract herein but this action is not an action “ To recover damages for fraud ” within the intendment of subdivision 5 of section 826 of the Civil Practice Act Plaintiff affirms the contract and the gravamen of the complaint is merely damages for breach of contract. In the final analysis all that plaintiff charges is that the materials delivered by defendant pursuant to the contract were, through defendant’s fraud in execution, not of the character or value of those agreed upon, and thereby plaintiff suffered damage. This does not give plaintiff the right to the order of arrest granted herein (Mooney v. La Follette, 21 App. Div. 510 [1st Dept.]) ¡
While not necessary for the determination we make herein, we note certain additional facts shown by the record. In the note of issue filed by plaintiff, plaintiff itself characterizes the action as follows: “ Nature of the action: To recover for breach of contract, with fraud in the execution of the contract.” Defendant moved to strike the cause of action from the contract calendar and return it to the tort calendar. Plaintiff objected and the motion was denied and the case is now on the contract calendar.
In the recent case of Burns v. Newman (274 App. Div. 301, 302) this court pointed out that the right to arrest in a civil action is a drastic remedy, penal in nature, and because of the severity of the relief, the courts do not look with favor upon its pursuit. It may be granted only in preservation of rights in the causes of action enumerated in section 826 of the Civil Practice Act.
On the nature of the cause of action alleged in the complaint, the order appealed from of January 31, 1949, denying defendant’s motion to vacate the order of arrest should be reversed, with $20 costs and disbursements, and the motion granted. In the light of this disposition of the appeal from that order, the appeal from the two subsequent orders (1) dated March 9, 1949, and (2) dated May 17, 1949, are dismissed as academic.
Peck, P. J., Glennon, Dore, Cohn and Callahan, JJ., concur.
Order [of January 31, 1949] unanimously reversed, with $20 costs and disbursements to the appellant, and the motion granted.
Appeals [from orders entered March 9, 1949, and May 17, 1949] unanimously dismissed. No opinion. [See post, pp. 831, 894, 955.]