JULIA S. DE BIERRE, Respondent, *v.* NICOLAS DARVAS, Appellant.

First Department, March 18, 1965.

*Milton A. Bass* of counsel (*Bass & Friend,* attorneys), for appellant.

*Alfred S. Holmes* for respondent.

*Per Curiam.* The principal issue presented on this appeal relates to the new provisions in article 61 of the CPLR mandating a hearing in connection with the granting of an order of arrest. CPLR 6111 requires that the order of arrest shall contain a provision directing the Sheriff to bring the person arrested before the court for a hearing " within a time specified in the order, not exceeding forty-eight hours * * * from the time of the arrest." CPLR 6113 (subd. [a]) sets forth additional procedural steps to be taken prior to the hearing and subdivision (b) places the burden on the plaintiff of establishing at the hearing her right to the arrest and detention of the defendant.

Simultaneously with the service of the summons and complaint herein, defendant was taken into custody pursuant to an order directing his arrest and detention until bail in the sum of $250,000 was furnished. The order contained the statutory requirement for a hearing within the required time and for notification of plaintiff of the time and place thereof.

It is unnecessary to review in detail the complaint and affidavits in the record. Inasmuch as the matter must be remanded for a hearing we conclude that plaintiff made a prima facie showing by pleading and affidavit to justify the ex parte granting of an order of arrest (CPLR 6101).

Defendant, however, has received no hearing within the meaning of the statute. The day following the arrest defendant was taken before the Justice who made the order. The proceeding was considered by the Justice as one solely to consider an application for reduction of bail which eventually was reduced to $50,000. The demands of defendant for a hearing were first denied upon the erroneous ground that the burden of proof was on defendant. Subsequently, defendant's counsel was told to make application for a hearing in Special Term, Part I.

Four days later a formal application was so made. Both parties submitted lengthy affidavits and the motion was decided thereon. In denying any relief the Special Term in its opinion stated that defendant had been given a hearing before the Justice who issued the order.

It is clear that defendant has never had a hearing as contemplated by the statute. This requirement, as stated, was new in the CPLR. It originated in a recommendation of the Committee on Law Reform of the Association of the Bar of the City of New York (Third Preliminary Rep. of Advisory Comm. on Practice and Procedure, 1951, pp. 325, 328). In this recommendation it was stated that " [u]pon this hearing both sides would be heard and the plaintiff would bear the burden of establishing the legality and justice of the defendant's confinement." (11 The Record of Assn. of Bar of City of N. Y., 1956, pp. 402, 409.) " A ' hearing ' contemplates the right to be present and to put forth one's contentions by proof and argument " (*People* v. *Richetti*, 302 N. Y. 290, 297).

Plaintiff sought the order of arrest herein pursuant to the provisions of CPLR 6101 (subd. 2). Upon the hearing plaintiff will have the burden of establishing first, that her complaint demands performance of an act by the defendant, which, if not performed, would subject defendant to contempt proceedings. Second, that she would be entitled to a judgment implementing the demands of her complaint. Third, that defendant is a non-resident or is about to leave the State and by reason thereof the judgment or order would be ineffectual.

The parties herein have submitted voluminous affidavits covering a wide range of factual matters, much of which would be irrelevant upon a hearing. The primary purpose of the requirement for a hearing under this subdivision is to permit an immediate determination of whether the extrinsic facts relied upon by the plaintiff to procure the arrest actually exist. (7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6111.08.)

We envision such a hearing to be of a preliminary nature and not a plenary trial. The issues to be decided encompass a narrow area and the mandate of the statute contemplates that the hearing should be short and concise with a summary determination as to whether defendant should or should not be continued in custody.

The present practice does not substantially differ from that under the Civil Practice Act except that formerly a decision was made upon affidavits. It is unnecessary to pass upon the merits of the lawsuit (*Bata* v. *Bata,* 277 App. Div. 335, 340) but the court must decide the limited issues according to the just preponderance of proof. (*Burns* v. *Newman,* 274 App. Div. 301, 302.) (See, generally, 10 Carmody-Wait, New York Practice, pp. 422–425.)

The order, entered on December 29, 1964, denying the motion to vacate the order of arrest, should be reversed and the action remanded to Special Term, Part I, to permit of a proper hearing, with costs and disbursements to appellant to abide the event of the motion.

BREITEL, J. P., RABIN, VALENTE, EAGER and BASTOW, JJ., concur.

Order, entered on December 29, 1964, denying the motion to vacate the order of arrest, unanimously reversed, on the law, and the action remanded to Special Term, Part I, to permit of a proper hearing, with $30 costs and disbursements to appellant to abide the event of the motion.