Alexander Berman, J.
This is a motion by plaintiff wife, seeking an order of civil arrest of defendant, her husband, pursuant to CPLR 6101.
The action underlying this motion alleges a conversion by the defendant of her personal property consisting of jewelry, *836 for which she seeks damages therein in the sum of $100,000, the alleged value thereof. Her affidavit in support of this motion sets forth that on March 30, 1975, while the parties were at the Nevele Hotel in Monticello, New York, on vacation, she turned over her personal jewelry, which she claims to have received as gifts, to the defendant to place in the hotel’s safety deposit box. She further alleges that the following week, after she arrived home, she discovered that her husband, without her knowledge, had appropriated the jewelry to himself. She further claims that despite her repeated requests and the requests of their children, he has refused to return same. She then states: "Your deponent respectfully requests an Order of Arrest be issued since, among other property presently owned by the parties, there is a condominium in Israel, and your deponent fears that the defendant will move to Israel and thereby render any future decision by this Court ineffective.”
Defendant, in response to the statements made in plaintiff’s affidavit, while admitting that he has possession of the jewelry, the value of which he claims is exaggerated by her, denies that this is her personal jewelry. He states that it was all purchased by him out of his own funds; was not given to her as a gift, but was bought by him as an investment. He further denies that he intends to leave the jurisdiction; asserts that he has a substantial business in New York City and that the condominium in Israel, which belongs to both of them, has not yet been built. He states, additionally, that he has been a resident of the United States all of his life, and that he has every intention of remaining here, where his children and mother reside.
The text of CPLR 6101, entitled "Grounds for Arrest” reads as follows:
"An order of arrest as a provisional remedy may only be granted:
"1. where there is a cause of action to recover damages for the conversion of personal property, or for fraud or deceit, and the person to be arrested is not a woman; or
"2. where the plaintiff has demanded and would be entitled to a judgment or order requiring the performance of an act the neglect or refusal to perform which would be punishable by the court as a contempt and where the defendant is not a resident of the state or is about to depart therefrom, by reason of which non-residence or departure there is a danger that *837 such judgment or order will be rendered ineffectual.” (Emphasis supplied.)
In the instant case, the only grounds upon which the order of arrest can be bottomed is subdivision 1, dealing with a cause of action to recover damages for the conversion of personal property. Subdivision 2 is not available to plaintiff, since to obtain an order of arrest under the latter subdivision, "the plaintiff must demand the performance of an act by the defendant, which, if not performed, would subject the defendant to contempt proceedings * * * As a final requirement, arrest is available only if the defendant is a nonresident or is about to leave the State and the plaintiff can show that because of the defendant’s nonresidency or proposed departure from the State there is a danger that the judgment may be evaded.” (Weinstein-Korn-Miller, NY Civ Prac, par 6101.11.)
The granting of an order of arrest is within the discretion of the court (CPLR 6111).
The concept of civil arrest has met with considerable criticism over the years and can be traced back to the common-law practice of commencing an action by taking the defendant into custody. At one time, there were many conditions under which such a provisional remedy was permitted, but it is now authorized only under very limited circumstances. "Most commentators would agree * * * that civil arrest, at least to the extent it is based bn the nature of the plaintiffs action, is an 'anachronistic survival of imprisonment for debt and has no place in a modern jurisprudence.’ ” (Weinstein-Korn-Miller, NY Civ Prac, par 6101.02.)
Aside from the question of whether the court should exercise its favorable discretion under the circumstances herein, there is a more serious issue, and that concerns the constitutionality of subdivision 1 itself. By its terms, subdivision 1 contains an exemption for women. In commenting on this exemption, Weinstein-Korn-Miller states: "The exemption may represent a compromise within the Legislature or simply a certain squeamishness about incarcerating females in civil actions solely because of the nature of the lawsuit brought against them. Special treatment based on sex is difficult to justify; the presence of the exemption in CPLR 6101(1) emphasizes the inherent defect in the remedy as applied to either sex.” (Weinstein-Korn-Miller, NY Civ Prac, par 6101.12; emphasis supplied.)
Should the plaintiff, a woman, be entitled to an order of *838 arrest against her husband — a remedy which he would not have against her? Is he not being discriminated against by reason of his sex? Any legal theory which would sanction this without some rationale seems to fly in the face of the equal protection provisions of the Constitution. The statute itself (CPLR 6101, subd 1) contains no reasons for the distinction. Nevertheless, the court can conceive of certain circumstances which might validly sustain such a distinction, such as if the statute by its terms applied to a woman who was in the last period of her pregnancy, or to a woman who had just given birth to a child. Without a valid reason, however, the distinction is obviously discriminatory, especially in the light of the present day concept of equality between the sexes. In the case of Frontiero v Richardson (411 US 677), the United States Supreme Court discussed the issue of sex discrimination. Although the case related to a situation of alleged unequal treatment as to a woman, the reasoning theréin applies equally to discrimination against a male (p 686). "Moreover, since sex, like race and national origin, is an immutable characteristic determined solely by the accident of birth, the imposition of special disabilities upon the members of a particular sex because of their sex would seem to violate 'the basic concept of our system that legal burdens should bear some relationship to individual responsibility * * *’ Weber v Aetna Casualty & Surety Co., 406 US 164, 175 (1972). And what differentiates sex from such nonsuspect statuses as intelligence or physical disability, and aligns it with the recognized suspect criteria, is that the sex characteristic frequently bears no relation to ability to perform or contribute to society. As a result statutory distinctions between the sexes often have the effect of invidiously relegating the entire class of females to inferior legal status without regard to the actual capabilities of its individual members.”
Statutes which discriminate on the basis of sex alone have invariably been stricken by the courts as unconstitutional, unless the discrimination can be supported by some rationale. In Matter of Alessi v Nadjari (47 AD2d 189), the Appellate Division, First Department, dated March 27, 1975, in a Per Curiam decision in which it discussed and quoted from a recent decision of the United States Supreme Court (Taylor v Louisiana, 419 US 522), said (p 191-192):
"This blanket exemption of women, it must be noted, was heretofore held constitutionally permissible and was justified *839 by administrative convenience or the historic public policy of a State, though conceivably such exemption could have been narrowed to include only those women who had family responsibilities (Hoyt v Florida, 368 US 57, 63). However, the Taylor court noted that while Hoyt dealt with the right of equal protection, explainable on 'merely rational grounds,’ Taylor involved Sixth Amendment rights to a jury trial requiring 'weightier reasons’ for exclusion of a distinctive class * * *
"[W]e think it is no longer tenable to hold that women as a class may be excluded or given automatic exemptions based solely on sex”. (Emphasis supplied.)
It is the determination of this court that CPLR 6101 (subd [1]) is unconstitutional for the reasons set forth above.
However, even if the court were to have upheld the constitutionality of this section, it would, in any event, have denied this application in the exercise of discretion. A learned former Justice of this court, Hon. Bernard S. Meyer, in vacating an arrest order, made a cogent observation as to the circumstances under which an order of arrest should be granted, saying as follows: "Civil Rights Law, §23, provides that: 'A person shall not be arrested in a civil action or special proceeding, except as prescribed by statute.’ Arrest in a civil action is a drastic remedy, penal in nature, and because of its severity, is not looked upon with favor, Soares, Inc. v Guertzenstein, 276 App Div 155, 93 NYS2d 222; Burns v Newman, 274 App Div 301, 83 NYS2d 285; Peterson v Kirby, 192 App Div 707, 183 NYS 89.” (City Factors Corp. v Glubo, 192 NYS2d 76; emphasis supplied.)
For the reasons heretofore set forth, the motion for an order of arrest is accordingly denied.